# DOE *v.* DOE.

52 405
18ap 35

*Adultery — condonation of, distinguished from condonation in case of separation for cruelty — evidence of former condoned acts of cruelty in an action for separation — alimony — household furniture should not be set off.*

A single act of adultery is such a violation of marital obligation as to justify a decree of divorce; and subsequent sexual cohabitation, with knowledge of the adultery, is a condonation thereof.

The cruelty which constitutes a ground for a decree of separation is generally a course of conduct, not a single act; and subsequent sexual cohabitation is not a condonation of an act of cruelty in the sense that it is of an act of adultery.

Even where there has been a forgiveness of previous acts of cruelty sufficient to bar an action, proof of such previous cruelty is competent, on the trial of an action for separation, for the purpose of giving character to subsequent acts, and showing that they arose from a settled purpose and not from impulse.

In making an allowance by way of alimony, it is not proper for the court to direct the transfer of household furniture to the wife and daughter of the guilty party; it should compel the husband to support them by supplying their daily needs.

APPEAL by the defendant from a judgment rendered at the Ulster Circuit, on a trial before the court without a jury, and entered in the Ulster county clerk's office on May 28, 1888, separating the plaintiff from the bed and board of the defendant forever, and giving to the plaintiff the care, custody and control of the daughter of the parties; directing the payment of certain sums weekly by

the defendant to the plaintiff, and giving to the plaintiff certain articles of household goods and furniture.

*Peter Cantine*, for the appellant.

*Carroll Whitaker*, for the respondent.

LEARNED, P. J.:

· A single act of adultery is such a violation of marital obligation as to justify a decree of divorce. From the nature of the wrong it is evident that subsequent sexual cohabitation, with knowledge of the adultery, is a condonation or forgiveness. The reason of this is manifest without explanation. But, on the contrary, cruelty, as a ground for separation, is generally, perhaps always, a course of conduct, not a single act. It is hardly, therefore, possible that the injured party should, on occasion of the first wrong, separate herself and refuse to live with the wrong-doer. The effort to endure unkind treatment as long as possible is commendable. We cannot, therefore, consider sexual cohabitation after acts of cruelty as condonation, in the sense in which it would be after an act of adultery. The cases are quite different. Of course, there may be a forgiveness for cruelty which, perhaps, would bar an action. But it would not be just to treat mere cohabitation as a forgiveness of past cruelty in every instance. And even where there has been actual forgiveness enough to bar an action based on previous cruelty, still, proof of such previous cruelty may be very important on a trial as giving character to subsequent acts, showing that they arise from a settled and permanent mode of acting, and not from hasty impulses. For in such cases the question is whether it is safe and proper for the plaintiff to live with the defendant. Her forgiveness of past unkindness or cruelty does not show conclusively that it is safe and proper for her to live with the defendant, ·in view of the whole course of his conduct. Examining the present case, in view of these principles, we are satisfied that there were no errors committed on the subject of condonation, to the prejudice of defendant. (*Burr v. Burr*, 10 Paige 20, 32.)

(Here followed a consideration of the merits of the case. After some discussion of the evidence the court said :)

It is enough for us to say that, after an examination of all the evidence, we have come to the conclusion that the decision of the learned judge should be affirmed on the merits of the case. The question as to the allowance of alimony for plaintiff and for her daughter has been somewhat discussed. It is seldom an easy matter to determine exactly what is reasonable in such cases. The court possesses the power in the future to modify the amount should circumstances require. We think that it was reasonable to give the plaintiff the custody of her daughter, and we do not think, on the evidence in the case, that the annual allowance given to the plaintiff for herself and that for her daughter were excessive.

The court also allowed to the plaintiff, to have for her use and for the use of said daughter, such portion of defendant's household goods as the statute provides must be set apart for a widow and minor children. The defendant has two children younger than J., and all the children are minors. Those two remain with him. The court appointed two persons who were to appraise and set apart such articles, and a report was thereupon made and attached to the judgment, designating certain articles specified under the statute, and also other articles of household furniture, amounting to $150.

The Code, section 1766, authorizes the court to provide for the support of the plaintiff and the education and maintenance of the children. We are of the opinion that this setting apart to the plaintiff of specific household furniture is not the mode of providing for her support contemplated by the Code. The decree seems to make a transfer of the title of the articles so designated to the plaintiff. The ordinary duty of a husband and father is to support his wife and his children, but he is not required to transfer property to them. We think that the law, in cases of separation, intends to compel the husband to do substantially what he was bound to do while his wife and children were living with him, that is, to support them, by supplying their daily needs, not by transferring property to them. We think, therefore, that the decree should be reversed as to the compelling of the defendant to transfer to plaintiff the said articles of household furniture, otherwise it should be affirmed.

The plaintiff should have the costs of the appeal against defendant.

LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs to plaintiff against defendant.