79  511
91  432
79  511
115  275
79  511
d147  60

[No. 11903.    Department One. — July 1, 1889.]

CLARA L. ROBINSON, RESPONDENT, *v.* JOHN W. ROBINSON, APPELLANT.

DIVORCE— ALIMONY — COUNSEL FEES — FORM OF DECREE — CHARGE ON REAL ESTATE. — A decree in a divorce suit adjudging that defendant pay to plaintiff's attorney one hundred dollars as counsel fees of plaintiff, and providing that all alimony, fees, and costs allowed may be paid in the aggregate to the clerk, and that all shall be a lien on certain described real property of defendant, and if not paid, that execution or order of sale may issue for the whole on demand of plaintiff, and so much of defendant's property sold thereunder as will satisfy the total amount, must be regarded as a decree in favor of plaintiff for the counsel fees, and is neither irregular nor void.

ID.— ALLOWANCE OF ALIMONY IN GROSS — DISCRETION. — The superior court has power, under section 139 of the Civil Code, to make an allowance of alimony to the wife in a divorce suit in a gross sum. The allowance may be for the wife's support during her life, and is not limited to periodical payments. An allowance having regard to the circumstances of the parties respectively of a sum less than a third in value of the husband's estate, to an abused and injured wife in feeble health, with children to care for, is a proper exercise of discretion.

APPEAL from a judgment of the Superior Court of Del Norte County.

The facts are stated in the opinion.

*R. W. Miller*, and *George A. Knight*, for Appellant.

The judgment directing payment of counsel fees to plaintiff's attorney was improper. (*Sharon* v. *Sharon*, 75 Cal. 1.) The allowance must be in periodical payments, and not in gross, unless a statute directs otherwise. (*Cooke* v. *Cooke*, 2 Phillim. 40; *Miller* v. *Clark*, 23 Ind. 370; *Wallingford* v. *Wallingford*, 6 Har. & J. 488; 2 Bishop on Marriage and Divorce, sec. 427; *Calame* v. *Calame*, 25 N. J. Eq. 549.) The Civil Code, section 239, does not provide for a payment in gross, and a "suitable allowance to the wife for her support" can only mean periodical payments for her support. The court could not award her a part of the husband's separate property. He could only be compelled to support her. The court could exercise its discretion as the occasion demanded, were it community property with which it was dealing. Here there is only separate property.

*L. F. Cooper*, and *Sawyer & Burnett*, for Respondent.

An allowance of a capital sum, which, invested at six per cent per annum, will yield an income of seven dollars and fifty cents per month, cannot be said to be an unreasonable pension for the support of two children and a woman in delicate health. (*Metzler* v. *Metzler*, 99 Ind. 384; *Campbell* v. *Campbell*, 37 Wis. 206; *Sesterhern* v. *Sesterhern*, 60 Iowa, 301; *Mussing* v. *Mussing*, 104 Ill. 126.)

BELCHER, C. C.—This is an action for divorce on the ground of extreme cruelty. It is alleged in the complaint that there are two female children, the issue of the marriage, one under four and the other under two years of age; that plaintiff has no property or means of support; and that defendant has separate property of the value of five thousand dollars, which yields him an income. The court found that plaintiff was entitled to a divorce, and the custody of the children; that defend-

ant's property was of the value of five thousand dollars, and that the rents, issues, and profits thereof were $350 per annum; that the property was not "susceptible of being divided between the plaintiff and defendant alone, and that on a dissolution of the marriage between the parties, it would be more just to decree the plaintiff a sum in gross or continuous alimony for the support of herself and children than to award her an individual share of said property; that "the sum of fifteen hundred dollars would be a reasonable lump sum for defendant to pay plaintiff as alimony for the support of herself and two minor children"; that "defendant should pay her the sum of one hundred dollars as her counsel fees in this action, and all her costs in this action, and that he he should also pay her the sum of fifteen hundred dollars in full for all future alimony for the support of herself and her two minor children."

The judgment dissolved the marriage between the parties, and awarded the custody of the children to the plaintiff, and proceeded as follows:—

"And it is further ordered, adjudged, and decreed that defendant pay to plaintiff's attorney the sum of one hundred dollars as counsel fees of plaintiff in this action, and that the said defendant pay to the clerk of this court, for the use of the plaintiff, as plaintiff's costs in this action taken, the sum of $28.05, and that the said defendant pay to said plaintiff the sum of $1,500 in full for all future alimony for the support of herself and her two minor children, and that said sum to be paid, amounting in the aggregate to the sum of $1,628.05, be and the same is hereby declared a lien on the following described real property which is hereby declared to belong to the defendant. . . . . That all of said sums may be paid to the party entitled thereto, or to the clerk of this court for their use, and if the same be not paid, and receipts therefor filed with the said clerk within twenty days from the date of this decree, execution or

order of sale of the said property may issue thereon, on demand of the plaintiff, under which execution or order of sale the said real property, or so much thereof as will satisfy plaintiff's demand, to wit, $1,628.05, may be sold in the manner prescribed by law for the sale of real property under execution."

From this judgment defendant appeals, and the case is brought here on the judgment roll.

The judgment is objected to on two grounds: 1. It is claimed that it is void in so far as it awards counsel fees and costs, because it directs the money to be paid to the attorney and clerk; and 2. It is claimed that the court had no power to award, and abused its discertion in awarding, alimony in a gross sum.

In support of the first point, the case of *Sharon* v. *Sharon*, 75 Cal. 37, is cited. In that case an order was made that defendant pay as counsel fees, on or before a day named, "the sum of fifty-five thousand dollars; that is to say, twenty-five thousand dollars to Messrs. Tyler & Tyler or order; ten thousand dollars to George Flourney or order; ten thousand dollars to Walter Levy or order; ten thousand dollars to David S. Terry or order; and five thousand dollars to R. P. Clement or order; and in case any of such payments are not made on or before the time herein fixed, then the party or the parties entitled thereto shall have execution therefor, pursuant to section 1007 of the Code of Civil Procedure of the state of California"; and it was held that this order "was a direct judgment for money in favor of persons not parties to the suit, and to that extent was irregular and void."

In this case there was no direct judgment for money in favor of any one but the plaintiff. The finding was that "defendant should pay her (the plaintiff) the sum of one hundred dollars as her counsel fees," and "all her costs," and the judgment simply directs him to pay the one hundred dollars to plaintiff's attorney, "as

counsel fees of plaintiff," and the costs to the clerk of the court "for the use of the plaintiff." It then provides that all the money, including the allowance to the plaintiff, may be paid to the clerk, and that if the same be not paid within a time fixed, execution may issue, on demand of the plaintiff, and so much of defendant's property may be sold thereunder "as will satisfy plaintiff's demand, to wit, $1,628.05." Now, while the judgment is in some respects not very happily worded, still we think it should be treated as a judgment in favor of the plaintiff for all the money required to be paid, on which execution can only issue in her name and on her demand. The judgment is thus distinguishable from the order made in the case of *Sharon* v. *Sharon*, and in our opinion it was neither irregular nor void.

As to the second point, the Civil Code (section 139) provides as follows: "When a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects.

The question is, Had the court the power, under this section, to require a gross sum to be paid to the plaintiff for her support? We think the language broad enough to confer this power. It will be observed that the allowance may be for the wife's support *during her life*, and there is nothing limiting it to periodical payments. If it were so limited, it would be possible, where no security had been required, for the husband to dispose of all his property, and then go away or die, and thus defeat the allowance altogether. And this has been the practical construction of similar statutes in many other states. In *Burrows* v. *Purple*, 107 Mass. 432, Jus-

tice Gray, speaking for the court, said: "This court has long been vested, by successive statutes, with authority, upon granting to a wife a decree of divorce, either from bed and board or from the bond of matrimony, to allow her reasonable alimony out of her husband's estate. And the practical construction of these statutes has always been that such alimony might, at the discretion of the court, be ordered to be paid in one gross sum, instead of being made payable at stated periods. In many other states, also, the word 'alimony' is commonly used as equally applicable to all allowances, whether annual or in gross, made to a wife upon a decree of divorce under similar statutes"; citing *Parsons* v. *Parsons,* 9 N. H. 309; 32 Am. Dec. 362; *Whittier* v. *Whittier,* 31 N. H. 452; *Buckminister* v. *Buckminister,* 38 Vt. 248; 88 Am. Dec. 652; *Sanford* v. *Sanford,* 5 Day, 353; *Lyon* v. *Lyon,* 21 Conn. 185; *Piatt* v. *Piatt,* 9 Ohio, 37; *Hedrick* v. *Hedrick,* 28 Ind. 291; *Wheeler* v. *Wheeler,* 18 Ill. 39; and *Jeter* v. *Jeter,* 36 Ala. 391.

In *Jeter* v. *Jeter,* 36 Ala. 391, a sum of money in gross was decreed to the wife under a statute which reads as follows: "If the wife has no separate estate, or if it be insufficient for her maintenance, the chancellor, upon granting a divorce, must decree the wife an allowance out of the husband's estate, taking into consideration the value thereof and the condition of his family." And it was held that the word "allowance," as used in the statute, authorized a decree for a sum in gross. So in *Piatt* v. *Piatt,* 9 Ohio, 37, the same term was used in the statute, and it was held that under it the court was authorized to render a decree for a gross sum, or for installments payable at stated intervals.

There are other cases to the same effect which might be cited, but we think the above sufficient.

Assuming, then, that the court had power to make an allowance of a gross sum, is there anything here showing an abuse of its discretion? We think not. The sum

allowed was less than a third of the value of the husband's estate, and this was for the support of an abused and injured wife, who was in feeble health and had two small children to care for. "Having regard to the circumstances of the parties respectively," the sum seems to us quite as small as it ought to be.

We therefore advise that the judgment be affirmed.

Foote, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.