[No. 5340.   Decided May 1, 1905.]

EMMA AMELIA MILLER, *Respondent,* v. JOHN EDWARD MILLER, *Appellant.*[1]

APPEAL AND ERROR—REVIEW—FINDINGS—DIVORCE.   Where there is a substantial conflict in the evidence, the supreme court will not set aside findings in an action for a divorce, where the trial court had the advantage of the presence of the parties and witnesses before it.

DIVORCE—COMMUNITY PROPERTY—AWARDING ALL TO WIFE.   In granting a divorce to a wife, the trial court may, under Bal. Code, § 5723, award to her all of the community property, in an appropriate case; and where the wife was deserted and left dependent, and the property was of the value of about $2,300, such an award was justified.

Appeal from a judgment of the superior court for King county, Rudkin, J., entered April 21, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, granting a divorce and awarding property to the wife.   Affirmed.

[1]Reported in 80 Pac. 816.

*James B. Murphy,* for appellant.

*Metcalfe & Jurey,* for respondent.

Root, J.—Respondent commenced this action against appellant to secure a divorce, and an award of the community property. Appellant appeared by an answer denying the allegations of abandonment and nonsupport, and interposing a cross-complaint for a divorce. The divorce was granted, solely upon the ground of abandonment, and all of the community property was awarded to respondent. From the decree thus rendered, defendant appeals to this court.

It was admitted that the appellant had gone to Alaska, leaving his wife in Seattle; that he had corresponded with her for a while, but eventually ceased for over a year to answer her letters, or communicate with her in any manner, or to send her any money. She was, however, in possession of their property in Seattle. As there was a substantial conflict in the evidence as to some of the material questions involved, and as the trial court had the advantage of the presence of the parties and witnesses before it, we are not inclined to disturb the findings of that court. Appellant contends that the community property should have been divided, and not awarded entirely to the respondent. The court found the value of the property of these parties to be $3,500, with encumbrances to the amount of something over $1,200. The statute authorizes the trial court, where a divorce is granted, to dispose of the property of the parties, "as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired." Bal. Code, § 5723. This justifies an

award of all the property to one of the parties in an appropriate case. These parties had no children. The trial court doubtless took the view that a deserted wife should not be left without provision for her adequate support; and to avoid the embarrassments, privations, and hardships that naturally fall to the lot of a woman left dependent, it appeared that an award of all of the property would be just and proper, in the light of the statute above referred to. It is not made to appear that this action of the trial court was erroneous.

The judgment and decree of the lower court is affirmed.

MOUNT, C. J., CROW, and DUNBAR, JJ., concur.

HADLEY, FULLERTON, and RUDKIN, JJ., took no part.