MARY LUICK, Appellee, v. FRANK E. LUICK, Appellant.

**Divorce:** INHUMAN TREATMENT: EVIDENCE. Evidence that defendant frequently kicked his wife, assaulted her in a violent manner with deadly weapons, threatened to maim her and to take her life and habitually called her vile names, all of which was done in the presence of children who had arrived at years of understanding, will support a decree of divorce on the ground of cruel and inhuman treatment.

**Same:** ALIMONY. A judgment for alimony which has the effect to confirm in the wife title to land which she in fact owned, and requiring defendant to pay all debts upon which the wife might be liable, is held, under the proven circumstances, one of which the husband cannot complain.

*Appeal from Franklin District Court.*— HON. W. D. EVANS, Judge.

TUESDAY, NOVEMBER 20, 1906.

ACTION by plaintiff for a divorce, alimony, and the custody of the minor children of the parties. There was a decree in favor of plaintiff, and therefrom the defendant appeals.— *Affirmed.*

*Purcell, Bradley & Divit* and *H. C. Liggett,* for appellant.

*E. P. Andrews,* for appellee.

BISHOP, J.— The parties to this suit were married in Franklin county in the year 1887. They continued to live

in that county until the year 1901, when they removed to

1. Divorce: inhuman treatment: evidence.

North Dakota. In March, 1905, plaintiff, with her children, of which there were three, left defendant, and returned to Franklin county where they have since resided. The ground of plaintiff's complaint is cruel and inhuman treatment such as to endanger life. The evidence on the subject is very voluminous, and, as no good purpose could be subserved by such an undertaking, we shall not even assume to set forth a synopsis thereof. Suffice it to say that we have read the evidence in detail and our reading has satisfied us that the competent evidence warranted the trial court in finding that the defendant had become accustomed to almost daily abuse of plaintiff such as that no husband ought to inflict upon his wife and the mother of his children, and such as that no wife ought to be compelled to endure. He frequently kicked her. Assaulted her in a violent manner and with deadly weapons and threatening to maim her and to take her life. Almost daily he addressed her with profane epithets and curses, called her vile names, accused her of unchastity, etc. And all this in the presence of their children, the oldest a girl now fifteen years of age. That such treatment is calculated to affect the health of the average woman no one can doubt, and the trial court was warranted in finding that such had been the effect in plaintiff's case. We have repeatedly held that upon a state of facts such as here appear a divorce was proper. *Wheeler v. Wheeler,* 53 Iowa, 511; *Shook v. Shook,* 114 Iowa, 592; *Berry v. Berry,* 115 Iowa, 543.

Complaint is made of the allowance of alimony. When the parties were married the plaintiff owned a farm of eighty acres in Franklin county. The defendant had nothing

2. Same: alimony.

except a small amount of personal property. When the move was made to Dakota the farm was sold, and the proceeds devoted to the purchase of one hundred and sixty acres of land in that State, the title to

which was taken in the name of plaintiff. These several farms constituted the home of the family, and furnished the support therefor. Subsequent to the removal to Dakota, defendant acquired title in his own name to an adjacent farm, and this he still owns, but subject to some incumbrance. He also owns considerable personal property. The decree gave to plaintiff the farm standing in her own name, and directed that defendant pay all debts theretofore contracted by him, and upon which plaintiff might be made legally liable. In addition to the foregoing, judgment was ordered in favor of plaintiff for the sum of $3,000, but this was with the proviso that it should be canceled upon the relinquishment by defendant of all right, title, and interest in and to the said farm owned by plaintiff. The effect of the decree it will thus be seen was simply to confirm in plaintiff the title to that which she already owned. And it is plain that the defendant has no cause for complaint. We do not understand that any complaint is made of that part of the decree which awards the custody of the children to plaintiff.

We conclude that the decree was right, and it is *affirmed.*