[No. 6281. Decided December 7, 1906.]

WANDA MARKOWSKI, *Respondent*, v. MARTIN MARKOWSKI, *Appellant*.[1]

DIVORCE — CRUELTY — RENDERING LIFE BURDENSOME — FINDINGS — EVIDENCE. That the parties lived in a constant state of turmoil, and that the husband repeatedly, in the presence of strangers, accused the wife of infidelity without any justification, warrants a divorce on the ground of cruelty and personal indignities rendering life burdensome.

SAME — DIVISION OF PROPERTY — COMMUNITY PROPERTY — ALL AWARDED TO WIFE. Upon granting a divorce to the wife, the court may award all the community property, of the value of $1,150, to the wife, where such provision is necessary for her support.

[1]Reported in 87 Pac. 914.

Appeal from a judgment of the superior court for King county, Hatch, J., entered January 2, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, granting a divorce and awarding property to the wife. Affirmed.

*James McNeny*, for appellant.

*Aust & Terhune*, for respondent.

RUDKIN, J.—This was an action for divorce on the ground of cruel treatment and personal indignities rendering life burdensome. The court below granted the divorce as prayed and awarded all of the community property, of the value of about $1,150, to the plaintiff. From this judgment the defendant appeals.

The only questions raised on the appeal are questions of fact. It appears from the testimony that the parties lived in a state of turmoil during the greater part of their married life. The appellant declared in the presence of strangers that his home was like a brothel, and repeatedly accused the respondent of infidelity, even upon the witness stand. The appellant contends that the court misconstrued his language, that he was simply repeating what others had said, but the record does not bear him out in this. While the conduct of the respondent and her daughter may not have been above criticism, there is nothing in the record to warrant or justify the charges made by the appellant, and the animus of the witnesses called by him to sustain his charges was so apparent that the court evidently paid little heed to their testimony. The lower court concluded on the entire record that the allegations of cruel treatment and personal indignities were sustained, and we are satisfied with that conclusion. The ruling of the court in awarding all the community property to the respondent is also assigned as error. The property consisted of household goods of the value of about $150, and a house and lot of the value of $1,600 against which there was a

mortgage of $600 payable in monthly installments of $15 each. The appellant has steady employment, earning $56 or $57 per month, while the respondent is in ill health and has no earning capacity. Had the parties no community property, the court would have been called upon to make some provision for the support of the wife, and anything less than the court awarded would leave her a burden to the public or an object of charity to her friends.

We find no error in the record, and the judgment of the court below is affirmed.

MOUNT, C. J., ROOT, DUNBAR, and CROW, JJ., concur.

FULLERTON and HADLEY, JJ., took no part.