(96 Misc. Rep. 72)

## DOERLE v. DOERLE.

(Supreme Court, Special Term, New York County. June, 1916.)

1. ATTORNEY AND CLIENT ⚖➡75(1)—OBJECTION TO AUTHORITY—WAIVER.

On a motion for an award of alimony, the defendant's objection that the attorney making the motion was never formally substituted as plaintiff's attorney was waived by defendant's appearance in a motion by such attorney for plaintiff for permanent alimony, since the entry of the interlocutory judgment and his successful resistance of such motion.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110-113, 116-119; Dec. Dig. ⚖➡75(1).]

2. DIVORCE ⚖➡245(1)—JUDGMENT—ALIMONY.

Where the final judgment of divorce in a wife's favor expressly provided that she might apply to the courts at any time to have the amount of alimony fixed at the foot of the decree, the court, on her subsequent motion, might award alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 692, 695; Dec. Dig. ⚖➡245(1).]

3. DIVORCE ⚖➡241—ALIMONY—AMOUNT IN GROSS.

The policy of the state is to grant alimony by periodical allowance, rather than a gross sum.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 679, 680, 690; Dec. Dig. ⚖➡241.]

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Motion by Margaret C. Doerle against Alexander Doerle for an award of a gross sum as alimony. Motion granted in part, and denied in part.

Meehan & Harlam, of New York City, for the motion.

Henry D. Barmore, of Brooklyn (Jacob Stiefel, of New York City, of counsel), opposed.

GIEGERICH, J. The plaintiff, several years after entry of final judgment of divorce in her favor, moves to have the court award her a gross sum as alimony out of certain moneys that are about to come to the defendant from his mother's estate, and asks that the court fix the amount so to be paid to her at not less than one-half of the sum so to be received by him.

[1] The defendant, among other things, makes the point that the attorney who makes this motion was never formally substituted as attorney for the plaintiff, but that objection should be held to have been waived by the fact that the defendant has appeared in a motion made by the present attorney for the plaintiff for permanent alimony since the entry of the interlocutory judgment and successfully resisted that motion. 20 Enc. of Pleading & Practice, p. 1016.

[2] Another objection made on behalf of the defendant is that the plaintiff cannot now be awarded any alimony, as no award was made to her in the final judgment. The final judgment is not silent upon the question of alimony, however, but expressly provides that the plaintiff shall have the privilege of applying to the court at any time to have the amount of alimony fixed at the foot of the decree, and it is in pursuance of such permission that the plaintiff makes this motion. I do not think I have power to award the plaintiff a gross sum as she desires, but I will award her alimony at the rate of $8 per week. The plaintiff's attorney cites many cases from other states where such an award of a gross sum has been made, but none from this state.

[3] It seems to be the policy of this state to grant alimony by a periodical allowance rather than a gross sum, and such a policy has the advantage of preserving to the court control over the situation. The rights of the wife to a continued payment of the periodical allowance are secured by the provisions of section 1772 of the Code of Civil Procedure.

Motion granted to the extent indicated, but in all other respects denied, without costs. Settle order on notice.