WILLIAM R. MOIR, Appellant, v. MAY MOIR, Appellee.

DIVORCE: Pleading—Prayer—Injunction to Restrain Murder. A
1    prayer in a divorce proceeding for injunctional relief against
     murder is self-discrediting.

DIVORCE:    Grounds—Cruelty—Profane and Abusive Language.
2    Profane and abusive language is not, in and of itself, ground
     for divorce.

DIVORCE:    Grounds—Cruelty—Profane and Abusive Language.
3    Principle recognized that profane and abusive language bears
     much more proximately upon the impairment of the health of
     a *woman* than upon the health of a *man.*

DIVORCE:    Evidence—Cruelty—Corroboration—Proximate Cause of
4    Health Impairment. Irrespective of the prima-facie strength
     of testimony bearing on cruel and inhuman treatment, the
     applicant for divorce must fail, (a) unless there be corrobo-
     ration, and (b) unless the impairment of health is due to said
     cruelty.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON,
Judge.

JANUARY 9, 1918.

PLAINTIFF was denied a decree of divorce from defend-
ant, and appeals.—*Affirmed.*

*George T. Hatley,* for appellant.

*Van Oosterhout & Kolyn,* for appellee.

. SALINGER, J.—I.  The husband alleges

**1. DIVORCE:**
**pleading:**
**prayer: in-**
**junction to**
**restrain**
**murder.**

that the course of conduct on part of the wife has seriously impaired and injured his health and endangered his life, and that it will cause his death to further live with plaintiff.  He adds he believes defendant will take his life, unless restrained by order of the court.  With some exceptions, about to be noted, the controversy in this court pre-' sents a quite usual conflict over facts.  But the appeal has two extraordinary angles.  According to the plaintiff, one who has made it clear that she has murderous intentions, and has given probable cause to believe that she will carry them out, will be adequately restrained by an injunctional order.  This means that, while the punishment for murder will be no deterrent, the danger of comparatively very mild punishment for contempt of court will insure safety from murderous attack.  Another differentiation from the usual is that the husband will suffer great impairment in health, and may even suffer death, because the wife uses profane language and abusive epithets.

The claim first adverted to will receive no serious consideration here.  There is no imminent danger of murder on part of one who will desist because a restraining order issues.  It might be added that such order is not supposed to be usually available to restrain the commission of a crime.

The second contention emphasizes what is often over-looked, and that is that, while profane and abusive lan-

**2. DIVORCE:**
**grounds:**
**cruelty pro-**
**fane and**
**abusive lan-**
**guage.**

guage may be received in testimony, it does not constitute the cruel and inhuman treatment for which divorce is granted.  It has always been received where the wife complains.  There, receiving it is a recognition of the fact that some things short of physical violence may break down the health of a sensitive female.  Now the law

has made a distinction between charging a man and a woman with unchastity. The last only is slanderous, or libelous *per se.* Were it necessary to determine the point, we might be inclined to hold that similar distinction, founded upon the like reasoning, obtains as to profane and abusive language used by a man, and its use by a woman. We feel sure that, to say the least, such conduct must be held to bear much more proximately upon the impairment of a woman's health than upon that of a man. Appellant cites *Caruthers v. Caruthers,* 13 Iowa 266, *Cole v. Cole,* 23 Iowa 443; *Wheeler v. Wheeler,* 53 Iowa 511; *Shook v. Shook,* 114 Iowa 592; *Berry v. Berry,* 115 Iowa 543; *Luick v. Luick,* 132 Iowa 302; and *Luettjohann v. Luettjohann,* 147 Iowa 286. It is significant that, in each of those, a finding of cruel and inhuman treatment was sustained, but on the conduct of the husband towards the wife.

3. DIVORCE: grounds: cruelty: profane and abusive language.

### 1-a.

With one further exception, the question of fact between the parties is reached. It seems that, for some reason, the defendant, in her answer, alleged that her husband had adopted her children by a former marriage. Issue was joined upon this allegation, and the defendant was allowed to offer proof in its support. The plaintiff was not permitted to do as much for his claim that the adoption was illegal and void, and induced by duress. This is a review *de novo.* If it were the fact that the court erred on this point, the final result here could not be affected, if sustainable with improper testimony eliminated, and proper testimony treated as being in the record. But even this much is not involved here. The trial judge found finally that the entire controversy about the adoption was irrelevant and collateral, thus stating that no consideration was given to it. This finding is correct. The controversy has no place in this suit or in this appeal, and we shall proceed to determine it

without reference thereto.

**4. DIVORCE:** evidence: cruelty: corroboration: proximate cause of health impairment.

II. When this point is reached, there is an abundance of testimony given by the husband himself that the wife was guilty of conduct entitling the husband to a divorce. Though this be so, it does not follow that he, having the burden of proof, has discharged the burden. His statements are denied by the defendant. Much of the testimony supports this denial. The plaintiff lacks corroboration as to most, if not all, his material testimony. While it is fairly apparent that his health is not good, it is not proven that this is due to the fault of his wife. Unless the injured health is due to her fault, or the threatened danger will arise from her future fault, the naked fact that living with one's wife may be injurious to health may be a justification of not living with her, but is not a ground for divorce.

We have, in this opinion, given the results reached after a careful reading of the evidence. That must suffice. It is practically impossible, within the reasonable limits of an opinion, to set out the evidence upon which our conclusions are founded. If that were practicable, it would serve no useful purpose. As between the parties, they are fully advised of their respective rights by the mere fact that we affirm. All persons other than these parties would learn nothing of value to the general public if we incorporated the abstracts into this opinion.

The decree of the district court will stand—*Affirmed.*

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.