[Civ. Nos. 2518, 2533. First Appellate District, Division One.—December 4, 1918.]

## CRISS W. TREMPER, Appellant, v. EVA EDNA TREMPER, Respondent.

DIVORCE—MAINTENANCE OF WIFE AND CHILDREN—AWARD OF ONE-HALF OF HUSBAND'S PROPERTY — EXCESS OF JURISDICTION.—Where a divorce is granted for an offense of the husband and there is no community property, but only separate property of the husband, the court is without power, in view of section 139 of the Civil

Code, to award the wife one-half of such property for the support of herself and the children of the marriage, since under that section the power of the court is limited to an allowance in money.

ID.—MANNER OF ALLOWANCE.—While it is not erroneous to make an allowance of money in a lump sum for the support of the wife and children, it is better practice to make a monthly allowance to the end that the court can from time to time modify its orders in this respect.

ID.—APPEAL BY HUSBAND—MAINTENANCE PENDING APPEAL—POWER OF COURT.—Where an appeal is taken by the husband from an interlocutory decree of divorce, the court is unauthorized, in view of section 137 of the Civil Code, to make an allowance for the maintenance of the wife and children pending the appeal, in the absence of a showing as to their needs, as under that section such allowance is only permissible upon a showing of necessity.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order allowing alimony pending appeal. George E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellant.

Gallaher & Aten for Respondent.

STURTEVANT, J., *pro tem.*—This case involves two appeals. The first (No. 2518) is an appeal from an interlocutory decree of divorce awarding permanent maintenance to the wife, and, the second (No. 2533) is an appeal from an order made after judgment awarding and increasing alimony pending the first appeal. We will consider them in the order stated.

1. The husband brought an action for divorce and the wife answered and filed a cross-complaint. Judgment went for the wife on her cross-complaint; the husband appealed, and has brought up the record under section 953a of the Code of Civil Procedure. The appellant challenges the relief awarded to the respondent. The record shows that there was no community property and that the wife had no separate property; but that the husband had real and personal property variously estimated as amounting to sums ranging from sixty-five thousand dollars to eighty thousand dollars. There is no claim

made that any of the said property was bought with moneys contributed by the defendant in whole or in part.

There were three minor children all residing with the defendant, who, prior to the commencement of the action, had left the family residence and had rented a house and made a home for herself and children. The plaintiff continued to occupy the former residence. In the interlocutory decree the court awarded to the defendant "the divided one-half" of the property, real and personal, excepting therefrom lands in Lake County of the value of four thousand seven hundred dollars.

Under the foregoing facts the decree must be supported, if at all, by the provisions of section 139 of the Civil Code. That section provides as follows:

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

It will be noted at once that the section does not expressly confer power to transfer the title to real or personal property; it empowers the court to compel the husband "to provide for the maintenance of the children"; and "to make such suitable allowance to the wife for her support"; and empowers the court from "time to time" to modify its orders in these respects. The plaintiff's duty toward his children is to maintain them *during their minority*. As each child attains his majority, that duty will terminate.

The plaintiff's duty toward his wife is to support her while she remains single or until she dies. If she marries again, or if she dies, that duty toward her will terminate. As these contingencies may arise in any case, it is provided, "the court may, from time to time, modify its orders in these respects."

A decree similar in form to the decree which we are now considering, but which was rendered by consent, was upheld (*Thomas* v. *Thomas*, 64 Mo. 353); and, where the wife's separate funds had been invested in the property, such decrees were sustained (*Luick* v. *Luick*, 132 Iowa, 302, [109 N. W. 783]; *Klekamp* v. *Klekamp*, 275 Ill. 98, [Ann. Cas. 1918A, 663, 666, 113 N. E. 852]), and, where the property had been

acquired through the joint labors of both husband and wife, such a decree was sustained (*Markowski* v. *Markowski*, 44 Wash. 594, [87 Pac. 914]); and, again, where the statutes were so broad as to reasonably support the exercise of the power, such decrees have been sustained (*Powell* v. *Campbell*, 20 Nev. 232, [19 Am. St. Rep. 350, 2 L. R. A. 615, 20 Pac. 156]; *Miller* v. *Miller*, 38 Wash. 605, [80 Pac. 816]). But, where the statute on the subject was no broader than section 139 of the Civil Code, *supra*, the decisions are to the effect that the trial court should have made an allowance in money, and had no power to divide the properties in kind (*Doe* v. *Doe*, 52 Hun, 405, [5 N. Y. Supp. 514]; *Cizek* v. *Cizek*, 69 Neb. 797, [5 Ann. Cas. 464, and note, 96 N. W. 657, 99 N. W. 28]; *Reynolds* v. *Reynolds*, 68 W. Va. 15, [Ann. Cas. 1912A, 889, and note, 69 S. E. 381]; *Ecker* v. *Ecker*, 22 Okl. 873, [20 L. R. A. (N. S.) 421, 98 Pac. 918]). While it is not erroneous to make an allowance of money in a lump sum for the support of the wife (*Robinson* v. *Robinson*, 79 Cal. 511, [27 Pac. 1095]; *Huellmantel* v. *Huellmantel*, 124 Cal. 583, [57 Pac. 582]), it is better practice to make a monthly allowance to the end that the court can "from time to time, modify its orders in these respects" (*Doerle* v. *Doerle*, 96 Misc. Rep. 72, [Ann. Cas. 1917A, 248, 159 N. Y. Supp. 637]).

It follows that the decree, as rendered, was in excess of the power of the trial court. Nothing herein said is opposed to the rule stated in *Robinson* v. *Robinson*, 79 Cal. 511, [21 Pac. 1095]. In that case the trial court awarded to the wife a gross sum for the support of herself and children and made the allowance a lien on the husband's lands. That decree is clearly supported by the provisions of section 140 of the Civil Code. (*Gaston* v. *Gaston*, 114 Cal. 542, 546, [55 Am. St. Rep. 86, 46 Pac. 609]; *Huellmantel* v. *Huellmantel*, 117 Cal. 407, [49 Pac. 574]; S. C., 124 Cal. 583, [57 Pac. 582]; *Kerr* v. *Kerr*, 216 Pa. St. 641, [9 Ann. Cas. 89, and note, 66 Atl. 107].)

The record contains some adverse rulings as to the settlement of the pleadings. As the case must go back for a new trial, we think it advisable to direct that each party be allowed to make such amendments to his pleadings as he may be advised.

The record shows numerous adverse rulings on the admission or rejection of evidence; but on a new trial those matters

may not arise again, and we think it is not necessary to discuss each of those rulings.

2. After the interlocutory decree was entered, an application was made to the trial court for an allowance for the maintenance of the defendant and her children pending the appeal from the interlocutory judgment. In her affidavit in support of her application the defendant avers that on July 19, 1916, an order for maintenance was made in the sum of one hundred dollars per month and that the same had been paid. The second application was made December 11, 1916. There is not in the defendant's affidavit or in any other part of the record, any showing as to the needs of the wife and children; nor, if the first allowance was deficient in amount, is there any showing as to the items of or the amount of the deficiency. She alleged that her husband was in receipt of a net income of ten thousand dollars. He denied that statement and alleged that his net income was not to exceed four thousand dollars. After the hearing was had the court made an order awarding her $250 for herself and children, one hundred dollars for costs, and $350 for her attorney fees. The plaintiff appealed from that order and has brought up the record under the provisions of section 953a of the Code of Civil Procedure. The power to make such orders must be found in section 137 of the Civil Code. That section provides: "When an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money *necessary* to enable the wife to support herself and her children, or to prosecute or defend the action. . . . "

It will be noted that the allowances to be made under that section are such as are "necessary," etc. So far as we are advised all of the authorities are to the effect that such allowances are to be made only for the purpose of covering the needs of the wife and her children (14 Cyc. 749, 752, 758; 2 Bishop on Marriage and Divorce, sec. 950; *Schammel* v. *Schammel*, 74 Cal. 36, [15 Pac. 364]; *Sharon* v. *Sharon*, 75 Cal. 1, 48, [16 Pac. 345]; *Mudd* v. *Mudd*, 98 Cal. 320, 322, [33 Pac. 114]; *Loveren* v. *Loveren*, 100 Cal. 493, 495, [35 Pac. 87]; *Stewart* v. *Stewart*, 156 Cal. 655, [105 Pac. 955]). Viewed as an initial proceeding the defendant's affidavit should have shown the items and amounts of her needs. Viewed as an amendment or modification of the order of July 19, 1916, the rule is the same (*Smith* v. *Smith*, 147 Cal. 143,

147, [81 Pac. 411] ; *Sharon* v. *Sharon,* 75 Cal. 1, 48, [16 Pac. 345] ).   An award of temporary alimony should be made to cover the current needs of the wife and should not be allowed to take the place of a final decree disposing of the property rights.

The fact that the wife has incurred debts is not sufficient to authorize an award for necessary expenses (*Loveren* v. *Loveren,* 100 Cal. 493, [35 Pac. 87] ) ; but the further fact must appear that the payment of such debts is necessary to enable the wife to further prosecute her action or defense (*Gay* v. *Gay,* 146 Cal. 237, 242, [79 Pac. 885] ; *Beadleston* v. *Beadleston,* 103 N. Y. 402, 405, [8 N. E. 735] ).   It follows that the judgment and order should be reversed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1919.

All the Justices concurred.