SELINA JURY, Respondent, *v.* JAMES E. JURY, Appellant.

Fourth Department, November 23, 1934.

*Leo O. Coupe*, for the appellant.

*Eva S. Jacobs*, for the respondent.

PER CURIAM. On September 7, 1933, the defendant husband violently seized the plaintiff wife and threw her forcibly to the floor injuring her arms and back. This occurrence was closely followed by plaintiff's leaving defendant's home, and defendant's refusal to permit her to have her clothes. We think the trial court rightly decided that this assault constituted cruel and inhuman treatment, and that it was sufficient for the granting of a judgment of separation in favor of plaintiff and against the defendant. We disapprove and reverse other findings of cruel and inhuman treatment as contrary to and against the weight of the evidence. The provision of the judgment, ordering defendant to pay plaintiff $150 counsel fees, is unauthorized and must be reversed. We find no basis, either in the pleadings, the testimony, or the course of the trial, for the provisions of the judgment which award plaintiff possession of certain personal property, direct the payment of rentals by defendant to her, adjudge that plaintiff has the right to dispossess tenants from certain real estate and re-rent same, and adjudge that defendant pay plaintiff the sum of $448.50, being one-half the amount of a joint bank account, or for the findings of fact upon which it is claimed that these provisions rest.

All concur, except TAYLOR and EDGCOMB, JJ., who dissent in part and vote for reversal of the judgment and dismissal of the complaint, in an opinion by EDGCOMB, J. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

EDGCOMB, J. (dissenting in part). My only criticism with the decision about to be rendered is that it does not go far enough. I think that the judgment should be reversed, and the complaint should be dismissed.

The parties to this action were married in England in 1903. Plaintiff is twenty-five years the senior of her husband. She is now seventy-five years old, and he is fifty. At the time of the trial they had lived together for thirty years, with the exception of the period when defendant was over seas in the late war, and during a short time when defendant first came to Canada to establish a home on this continent, and before he was joined by the plaintiff, and her three minor children by a former husband. During all these thirty years defendant has supported the plaintiff and her three children during their minority.

There are rumblings of trouble in their early married life, but plaintiff testified that for the ten years prior to May, 1933, she and her husband lived very happily together. On this latter date plaintiff, for some reason or other, became insanely jealous of the defendant, and accused him, without any just cause, of being

familiar with Mrs. Ware, the wife of plaintiff's own son. From that time on the evidence shows frequent outbursts of anger on the part of the plaintiff, followed by a war of words between her and her husband, in which, undoubtedly, both took an active part.

The only time during all these thirty years of married life when defendant ever laid his hands on his wife, so far as the evidence shows, is described in the following finding of the referee: " That on or about the 7th day of September, 1933, the defendant seized the plaintiff and threw her forcibly on the floor, injuring the plaintiff's arms and back."

In this connection it is rather significant that plaintiff did not call the physician whom she says she consulted after this incident.

It is sought to uphold this judgment upon this one episode. While no right-minded person would uphold a man striking his wife under any circumstances, a judicial decree of separation is not available for every impropriety indulged in by either a husband or a wife.

When parties enter into the married state they take each other for better or worse, and, painful or disagreeable as the performance of that duty may be at times, it is a duty of first importance. Outbursts of temper, complaints, tirades, accusations, or even incompatibility of temperament, must, in this State, be endured as one of the evils attending the married state, until such condition becomes such as to render it unsafe and improper for one spouse to cohabit with the other. Cruel and inhuman treatment, and such conduct on the part of a defendant toward a plaintiff as may render it unsafe and improper for the former to cohabit with the latter, mean substantially one and the same thing. (*Donohue* v. *Donohue*, 180 App. Div. 561; *Barber* v. *Barber*, 168 id. 212; *Kennedy* v. *Kennedy*, 73 N. Y. 369.)

There is no finding here that this one act of physical violence would render it unsafe or improper for the plaintiff to longer cohabit with the defendant. In view of the long married life of the parties and the conceded happy existence of the marriage relation for at least ten years, it is rather difficult to imagine how one such outburst on the part of the defendant would render it unsafe for the plaintiff to longer live with him. After a man and woman have lived with each other for thirty years, it seems to me that it takes a more serious episode than the single one which is described here to brand the husband as cruel and inhuman, when otherwise he has been a good husband and has supported his wife and her children by a former marriage.

One cannot read this evidence without reaching the conclusion that this act on the part of the defendant was incited and provoked by the nagging of the plaintiff and by her outburst of temper.

Physical violence which a wife invites by her own ill conduct will not avail her as a ground for a separation. (*Barber* v. *Barber*, 168 App. Div. 212; *Deisler* v. *Deisler*, 59 id. 207, 211.)

A decree of separation can only be granted where a legal ground therefor is established by a fair preponderance of credible testimony. In my opinion that has not been done here. This one incident complained of does not rise to the dignity of a ground for putting these parties aside by judicial decree, and branding the defendant as a cruel and inhuman person.

I vote to reverse the judgment of separation and to dismiss the complaint.

TAYLOR, J., concurs.

Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs. Order increasing alimony reversed, without costs. Appeal from order denying motion to modify judgment dismissed as academic. Certain findings of fact disapproved and reversed.