HARRY S. BLUMENTHAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75143.   Promulgated September 3, 1936.

*Solomon Elsner, Esq.*, for the petitioner.
*James H. Yeatman, Esq.*, for the respondent.

## OPINION.

MURDOCK: The Commissioner determined a deficiency of $811.79 in the petitioner's income tax for 1931. The only adjustment made by the Commissioner to the income as reported was the addition of $6,635.97 representing the income of two trusts created pursuant to a court order for the benefit of the petitioner's divorced wife and their child. That action of the Commissioner is assigned as error. The facts were stipulated.

The petitioner is an individual, residing in West Hartford, Connecticut. He married Anna J. Maher in 1911. They had a child, Harriel A. Blumenthal, born in 1912. The wife instituted an action against the petitioner in 1923 in Connecticut for a divorce, for custody of the child, and for alimony. A committee, which heard the evidence, recommended to the court that the wife be granted a divorce, custody of the child, and alimony of $132,500, of which $125,000 should be placed in trust for the benefit of the wife and child. The court issued its order in 1923 divorcing the couple, granting custody of the child to the mother, and decreeing alimony as follows:

The said defendant pay within ten (10) days from the date hereof, to the plaintiff the sum of Seventy-five Hundred (7500) Dollars, and for the benefit of the plaintiff and said minor child pay to the Hartford-Connecticut Trust Company of Hartford, Connecticut, the sum of One Hundred Thousand (100,000) Dollars, and the sum of Tyenty-five Thousand (25,000) Dollars, respectively, in trust, under the following terms and conditions and for the following uses and purposes: * * *

The net income of the $100,000 was to be paid to the plaintiff during her life, and thereafter the daughter was to receive all of the income until she became twenty-one years of age, when she was to receive one-half of the principal. The daughter was then to receive the income on the remaining one-half until she became twenty-five years of age, at which time she was to receive the rest of the principal. The daughter was to receive the income of the $25,000 trust until the principal was paid to her, one-half when she became twenty-one, and the remainder when she became twenty-five years of age. If the daughter predeceased her mother the $100,000 trust was to terminate at the death of the mother and the property was to be delivered to the defendant or his estate. If the daughter died before receiving all of the $25,000 trust, the remainder was to be delivered to her father or his estate. The trusts were created in accordance with the decree. The divorced wife remarried in 1926. The income of the trusts in 1931 amounted to $6,635.97 ($5,179.97 and $1,456). The trustee paid the income directly to the beneficiaries, both of whom are living. The petitioner has never had any voice in the management of the trusts and has never received any distribution from the trusts.

The Commissioner contends that the income of the two trusts is taxable to the petitioner under the general definition of gross income (sec. 22, Revenue Act of 1928) and the decisions in *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Stokes*, 296 U. S. 551; *Helvering* v. *Schweitzer*, 296 U. S. 551; rehearing denied, 296 U. S. 665; *Helvering* v. *Coxey*, 297 U. S. 694; and *Helvering* v. *Brooks*, 82 Fed. (2d) 173. His theory is that the trust income was used to discharge a legal obligation of the petitioner, it directly benefited him, and, therefore, it is taxable to him. These cases are controlling so far as the income from the trust for the minor child is concerned. Cf. *Helvering* v. *Schweitzer*, 296 U. S. 551; rehearing denied, 296 U. S. 665. The obligation of the father to support her continued throughout the taxable year. *Wright* v. *Leupp*, 70 N. J. Eq. 130; 62 Atl. 464; *Walder* v. *Walder*, 159 La. 231; 105 So. 300; *Fernandez* v. *Aburrea*, 42 Cal. App. 131; 183 Pac. 366; *Southern California Edison Co.* v. *Industrial Accident Commission*, 92 Cal. App. 355; 268 Pac. 415; secs. 5187 and 1717, Gen. Statutes of Connecticut, 1930. But there was no obligation upon the part of the petitioner during the taxable year to support his former wife, who had remarried in 1926. *Cary* v. *Cary*, 112 Conn. 256; 152 Atl. 302. His entire obligation to support her had been discharged prior to 1931. He had only a contingent remainder interest in the trust established for her and was not taxable with the income of that trust. Cf. *Reinecke* v. *Smith*, 61 Fed. (2d) 324; *Sidney R. Bliss*, 26 B. T. A. 962; *Nanaline H. Duke et al., Executors*, 23 B. T. A. 1104; affd., 62 Fed. (2d) 1057; 290 U. S. 591.

*Decision will be entered under Rule 50.*