*562 OPINION.
VaN Fossan :
The single question for our determination is the tax-ability to petitioner of the income from a so-called alimony trust. Petitioner contends that he was under no continuing obligation to support his wife after the property settlement above described, and that the income from the trust created under the settlement is not taxable to him. He maintains that the ratification of the settlement in the divorce decree definitely settled the obligations of the parties, since the court did not reserve the right to award alimony in the *563 future. He asserts that, in any event, his wife’s remarriage before the taxable year cut off any possible continuing obligation to support her. Finally, he urges that his former wife’s interest in the trust was part of her community property estate and, hence, the income should be taxed to her and not to petitioner. Respondent, on the other hand, argues that the trust income was paid to petitioner’s former wife in discharge of his legal obligation arising under the trust and property settlement agreements and as such was taxable to petitioner. He contends that, even if the entire trust income is not taxable to petitioner, amounts paid the former wife for maintenance and support of the son were includible in petitioner’s gross income.
Respondent relies upon Douglas v. Willcuts, 296 U. S. 1, in his inclusion of the entire income of the trust in the year 1934 in petitioner’s gross income. Since the date of hearing of the present case, the United States Supreme Court has handed down a decision in Helvering v. Fitch, 309 U. S. 149. In holding that the taxpayer had not shown that he was outside the scope of Douglas v. Willcuts, supra, the Court said:
Enough has been said to show that respondent has not sustained the burden of establishing that his case falls outside the general rule expressed in Douglas v. Willcuts, supra. If we were to conclude that this case is an exception to that rule we would be acting largely on conjecture as to Iowa law. That we can not do. For if such a result is to obtain, it must be bottomed on clear and convincing proof, and not on mere inferences and vague conjectures, that local law and the alimony trust have given the divorced husband a full discharge and leave no continuing obligation however contingent. Only in that event can income to the wife from an alimony trust be treated under the revenue acts the same as income accruing from property after a debtor has transferred that property to his creditor in full satisfaction of his obligation — unless of course Congress decides otherwise.
Conforming to this holding, our first inquiry is, therefore, whether either the local law or the trust instrument imposed upon petitioner a continuing obligation to support his former wife.
Both petitioner and his wife were residents of the State of California at the time of her remarriage and during the taxable year 1934. Thus, any legal obligation of the petitioner to support his former wife must be imposed by California law. Under that law, the duty of a man to support his former wife ceases upon her remarriage. California Civil Code, sec. 139,[1] Tremper v. Tremper, 39 Cal. App. 62. See Harry S. Blumenthal, 34 B. T. A. 994; affirmed per curiam, 91 Fed. (2d) 1009. It is apparent that if petitioner had *564 a continuing duty to support bis former wife the obligation must arise from the contract or trust instrument itself.
By its terms, the agreement of March 27, 1929, indicates that it contemplated the settlement of all matters of support, property rights and all other matters growing out of the marital status. In this agreement petitioner undertook to set up a trust “whereby said party of the second part [the wife], out of the trust thereby created, shall be paid the sum” of $425 per month for life in certain contingencies and the sum of $225 per month for life in all events. It is to be noted that the payment was “out of the trust thereby created.” It was not an absolute commitment guaranteed by petitioner. He had no collateral or conditional obligation or duty to make up any deficiencies in the trust income. If the trust, either by earnings or invasion of corpus, supplied the stated amounts, the amounts would be paid to the divorced wife. If there were a deficiency, or if, by invasion, the corpus were reduced to nothing, petitioner had no obligation to supply the deficient amount. Neither the contract nor the trust placed a continuing obligation on petitioner.
Thus it is that there was no continuing obligation of support resting on petitioner either by local law or by contract. Petitioner is not taxable on the trust income paid for the support of his divorced wife.
Respondent contends, however, that the sum of $800 of the amounts paid to the former wife from January 1 to April 30, 1934, represents maintenance and support of a minor child and, hence, is taxable to petitioner under the rule of Douglas v. Willcuts, supra. Under the California law, a father is responsible for the maintenance and support of minor children. Blair v. Williams, 86 Cal. App. 676; 261 Pac. 539; California Civil Code, sec. 196. Petitioner’s former wife received only the sum of $2,682.23 during the taxable year. By a letter dated April 27, 1934, however, petitioner and his former wife directed the trustee to reduce the payments to the wife under the trust from $425 per month to $225 per month, beginning May 1, 1934. The occasion for the letter was petitioner’s assumption of the maintenance and support of their son. Hence, it may be inferred that during those four months the sum of $425 per month was paid to the former wife. The sum of $200 per month was obviously allocated to the maintenance and support of the son. Since the sum of $800 paid petitioner’s former wife for the support of his son relieved petitioner from his obligation to maintain and support the son fro tamto, the sum of $800 is includible in petitioner’s gross income for the year 1934.
Respondent admitted in his answer that petitioner made on overpayment in the sum of $41.47. This will be disposed of under Rule 50.

Decision will be entered under Rule 50.

 Remarriage. Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage.