[Civ. No. 13311.   Second Dist., Div. Two.   Jan. 14, 1942.]

FRED   B.   CRUIKSHANK,   Appellant,   v.   SOPHIE   S. CRUIKSHANK, Respondent.

William E. Fox and Joseph A. Sprankle, Jr., for Appellant.

William B. Etheridge for Respondent.

SCOTT (R. H.), J. pro tem.—Plaintiff appeals on the judgment roll from a decree granting a divorce and awarding

an allowance for her support to defendant and cross-complainant.

The parties were married in June, 1938, and separated in November, 1939. The decree of divorce was granted to the cross-complainant on the ground of extreme cruelty. Plaintiff appealed from the judgment in its entirety, but now objects to that portion only which relates to an award to his wife for her support. The only community property was found to be some furniture and an equity in certain real property amounting to $240.17. Plaintiff was found to have separate property of a total value of $6,000, consisting of interest in real estate and securities and producing $30 per month income, with "the prospect of receiving several hundred dollars" from certain investments. It was found that the husband's income at the time of the trial was $12 per week sick benefit payments, and that as soon as he returned to regular duties as postal employee he would receive $150 per month. Defendant's separate property consisted of certain furniture. It was found that she "has received no income for several years past and has no immediate prospect of earning or otherwise receiving an income." There was no finding that she was physically or mentally incapable of obtaining and holding employment, or that she had made any effort to do so.

The trial court awarded to the defendant wife the furniture which was found to be community property, and the judgment directed the husband to pay to her for future support and maintenance the total sum of $2,500, for attorney's fees the sum of $175, plus her court costs, and an additional sum of $240.17 as the value of the total equity in the community real property. A lien was impressed upon the husband's separate property to secure the payment of the amounts thus awarded. One-half of the husband's gross income, after deducting payments for taxes, incumbrances and repairs, was ordered paid to the wife to be credited on the amounts ordered. Forty per cent was to go to the wife and ten per cent to the attorney until his fee should be paid, after which the entire one-half was to be paid to the wife. The trial court retained jurisdiction to modify its decree in the event it became necessary.

This appeal being on the judgment roll, the evidence considered by the trial court must be deemed to be adequate to support its conclusions as to the merits of the case, in the

absence of a showing of abuse of discretion in the record before us. As to the total assistance the divorced wife should receive from her former husband, we cannot say that the award was excessive if defendant lives and remains unmarried until the last installment shall have been paid. From the reservation of jurisdiction in the decree it is apparent that the trial court had in mind the provision of Civil Code section 139, added by the amendment of 1933 (Stats. 1933, p. 1039), terminating the obligation of the husband to support his former wife in case of her remarriage. Even in the absence of the paragraph of the section which was added by the 1933 amendment, it was held that the husband's duty toward the wife from whom he was divorced terminated upon her death or remarriage. Although a lump sum award may be upheld (*Robinson v. Robinson,* 79 Cal. 511 [21 Pac. 1095]), the possible termination by death or remarriage of the right of a divorced wife to claim support supplies a cogent reason for preferring a judgment which by its terms provides for installment payments. (*Tremper* v. *Tremper,* 39 Cal. App. 62 [177 Pac. 868].) In *Honey* v. *Honey,* 60 Cal. App. 759 [214 Pac. 250], while upholding a judgment for a lump sum under circumstances substantially different from those in the instant case, the court observed that "as this provision for support money is intended to cover prospective wants of the wife, it is more in keeping with the reason of the law that a judgment should provide for installment payments." ██ This construction of the decree would not have the effect of invalidating the provision impressing a lien on the husband's property for the payment of the installments for maintenance as they became due. (Civ. Code, sec. 140; *Huellmantel* v. *Huellmantel,* 124 Cal. 583 [57 Pac. 582]. See, also, *Murray* v. *Murray,* 115 Cal. 266 [47 Pac. 37, 56 Am. St. Rep. 97, 37 L. R. A. 626].) Its only practical effect would be to terminate the payments in the event of the wife's death or remarriage, when in equity they should no longer be subject to her claim.

██ The question remaining is whether an award totalling one-half the monthly gross income, after deducting payments for taxes, repairs and on encumbrances, is excessive. The findings do not show definitely to what sum the deductions thus allowable would amount, although there is some intimation they may equal the amount which the plaintiff receives in addition to his salary or sick benefits. The monthly amount, therefore,

that would be left for division between the parties would appear to be $50 in time of illness and $150 in time of health of plaintiff. It would appear that if the husband has continued disabled the award would be unfair, because the remaining one-half would not be adequate to supply his needs at a time during which his former wife was not shown to be unable to contribute substantially toward her own support, if she made the effort. Upon his return to work it would appear that an equal division of the income would be excessive. A man who is regularly employed by the federal government in a responsible position requiring an alert mind, healthy body and good character must be able to do his work free from worry or undue fatigue. His requirements for transportation, clothes, food, recreation, social and religious obligations are such that he should not be limited to one-half of his salary. The marital venture herein was brief; no children are involved and the wife is not shown to be in any way disabled. A monthly deduction of $50 by the husband to help provide his own living expenses should be permitted in addition to the other deductions provided by the decree before an equal division is made between the parties.

The judgment is therefore modified to provide: (1) that plaintiff shall pay defendant as alimony one-half of his gross income after making the following deductions: (a) payments for taxes, repairs and on encumbrances as provided in the judgment in this case; (b) $50 per month toward plaintiff's own living expenses; (2) that these payments shall be applied toward the support of defendant and the attorney's fees in the proportion provided in the judgment; (3) that these payments shall continue until the total sums provided in the judgment shall have been paid, and shall then terminate; provided, however, that in case of death or remarriage of the defendant before the total sum shall have been paid, the trial court shall make an order terminating such payments as of the date of such death or remarriage, and upon such payment in full or the making of such order the lien on plaintiff's property to secure such payments shall thereupon be terminated. In all other respects the judgment is to remain the same.

As so modified the judgment is affirmed, appellant to pay the costs of this appeal.

Moore, P. J., and McComb, J., concurred.