Callahan, J.
(dissenting). In matrimonial actions jurisdiction is entirely statutory.. Section 1170 of the Civil Practice Act confers jurisdiction upon the Supremé Court in actions for divorce or separation to give such directions as justice requires for the custody, care, education and maintenance of children, or the support of a wife. This does not confer the right in this action for separation to award to plaintiff wife exclusive possession of real property of which her husband is the lessee any more than it would" include the' right to award to her like possession of chattels owned or possessed by him. (Doe v. Doe, 52 Hun 405; Kunker v. Kunker, 230 App. Div. 641; Jury v. Jury, 242 App. Div. 476; Cox v. Cox, 266 App. Div. 38.)
I, therefore, vote to further modify the order appealed from by striking out the provisions ordering the husband to remove himself from the apartment, and -enjoining him from re-entering same or removing any personal property therefrom, and substituting therefor a provision that if the husband does not allow the wife to have possession of the apartment and its contents that the alimony be increased to $25 weekly.
Martin, P. J., Giennon, Dore and Peck, JJ., concur in decision; Callahan, J., dissents in opinion. .
On the particular facts of this case, justice required (Civ. Prac. Act, § 1170) the order appealed from except as to the provision for the return of the etchings, which provision should be deleted. The order is, therefore, modified in that respect and otherwise affirmed, with $20 costs and disbursements to the respondent.. Settle order on notice.