Appeal by defendant husband from a judgment of separation on the ground of cruelty entered in favor of the plaintiff wife. Judgment modified on the law by striking out the provision ordering the defendant to move from the family home and, as so modified, the judgment is unanimously affirmed, without costs. Conclusion of law No. IV is disapproved. The letters received by plaintiff from one Grundy were not admissible in evidence because there is no proof that plaintiff assented to the statements therein contained. In any event, the admitted reconciliation of the parties after defendant’s knowledge of the letters and their contents is a condonation of any alleged prior misconduct. The statute authorizing provision to be made in a final judgment of separation for the maintenance of wife and children (Civ. Prac. Act, § 1164) does not authorize the transfer of specific personal property by defendant to plaintiff in payment of alimony, (Doe v. Doe, 52 Hun 405; Jury v. Jury, 242 App. Div. 476) or the transfer of possession of the family home. {Cox v. Cox, 266 App. Div. 38. See, also, cases collated in 133 A. L. R. 860.) Defendant shall continue to pay the rent of the premises 1763 Hendrickson Street, Brooklyn, N. T. In the event of his failure to pay such rent, or in the event he continues to reside in the premises, plaintiff may apply to Special Term for additional alimony in an amount sufficient'to pay the rent or to obtain and maintain separate living quarters for herself and children, and for a modification of the judgment accordingly. Present— Hagarty, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ.