LYDIA M. HAYS, APPELLEE, v. JOSEPH A. HAYS, APPELLANT.

FILED FEBRUARY 8, 1906. No. 13,991.

1. **Divorce:** DECREE: EVIDENCE. Evidence examined, and *held* to justify a decree of divorce on the ground of extreme cruelty, and an order giving the plaintiff custody of the children.

2. **Authority as to Property.** Where a court has jurisdiction of the parties, its authority to grant a divorce carries with it authority to adjust the property rights of the parties with respect to personal property within its jurisdiction.

3. **Alimony.** On the facts stated, *held* that the alimony allowed the wife is not excessive.

4. ———. Where the situation of the parties and the contingencies are such that the amount of alimony cannot be placed at a lump sum without danger that such allowance may prove unjust or inequitable to one or other of the parties, it is proper for the court to provide for the payment of a stated sum at fixed periods for a given length of time, or until the further order of the court.

APPEAL from the district court for Nemaha county: PAUL JESSEN, JUDGE. *Affirmed.*

*Stull & Hawxby* and *H. A. Lambert,* for appellant.

*Neal & Quackenbush* and *E. F. Warren, contra.*

ALBERT C.

This is a suit by a wife for divorce. The petition shows a marriage between the parties, the name and age of each

surviving child born to the parties, extreme cruelty on the part of the defendant, and his unfitness to have the care and custody of the children. The petition also shows that the defendant is the owner of certain real estate of the value of $4,300, and that the plaintiff is without means of support. The prayer is for a divorce, the custody of the children, and alimony. The district court granted the divorce, awarded the custody of the children to the plaintiff, and allowed her $1,000 alimony and the further sum of $6.66⅔ a month for the support of each child until 14 years of age, or until the further order of the court. The court also awarded the plaintiff "all the household furniture now in her possession in the house now occupied by her, and heretofore the homestead of said parties." The defendant appeals.

It is insisted that the evidence is insufficient to sustain the finding of extreme cruelty upon which the decree is based. The evidence covers some 400 pages. The particular act of cruelty charged in the petition is that the defendant, without cause or provocation, assaulted, beat and choked the plaintiff. The plaintiff's testimony amounts to a reiteration of the charge. According to her testimony the defendant, in a fit of anger, seized her by the throat and choked her, so that her throat was inflamed and swollen for something like a week. She is corroborated in her story by a witness who was in the adjoining room when the assault took place. Her story is rendered highly probable from the evidence of the defendant's previous conduct, which shows that he had become indifferent to his wife and careless of her feelings, and which prepares the mind to receive the story of his assault upon her without question or surprise. The defendant admits that he was angry and laid hands on her, but denies that he choked or beat her. To corroborate his denial, the nine years' old son of the parties, whom the defendant had taken from the plaintiff's custody some weeks before the trial, was produced as a witness. But after a careful examination of the boy's testimony, taking

into account its inherent weakness, his situation for some weeks previous to the trial, the circumstances under which he testified, and the other evidence adduced by the parties, we are of the opinion that it tells rather against the defendant than in his favor. The charge of extreme cruelty appears to be abundantly sustained by the evidence.

It is next claimed that the allowance of alimony is excessive. The value of the personal property owned by the defendant is not given. The evidence shows that his real estate is worth, over and above all incumbrance, from $2,200 to $2,400. It also shows that, at the time of the marriage, neither party owned any property, and that the property now owned by the defendant represents the joint accumulation of the parties during their association together as husband and wife. The defendant is an able-bodied man, between 40 and 45 years of age, and a carpenter and builder by trade. At the time of the trial, and for sometime before, he had been earning $125 a month. The plaintiff is between 35 and 40 years old; she has no property; she has the care and custody of three of the defendant's children, the oldest of whom was but nine years old and the youngest five years old at the time of the trial. As to the allowance of $1,000 out of $2,200 or $2,400 accumulated as a result of their joint efforts and management, it is certainly not unreasonable under the circumstances of this case. The monthly allowance of $6.66⅔ for the support of each child until 14 years old is not munificent, and involves no greater sacrifice on the part of the defendant than the time and care the plaintiff will be required to bestow upon them entail upon her. It does not appear to us that the alimony is excessive.

The defendant contends that the monthly allowance is in the nature of continuing alimony, and that alimony in that form was discountenanced in *McGechie v. McGechie,* 43 Neb. 523. There the court said:

"We do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum

each month during the life of the other party, or for an indefinite period of time."

In that case the trial court had awarded $500, and the decree provided for the payment of the further sum of $10 a month indefinitely. On the facts stated, the court held the allowance excessive and modified the decree, striking therefrom the monthly allowance. But the court did not intend by the language quoted to commit itself to the proposition that an allowance of a fixed amount, payable at stated periods, would be disapproved in all cases. As there stated "the amount (alimony) should be just and equitable, due regard being had for the rights of each party, the ability of the husband, the estate of the wife, and the character and situation of the parties." In the present case, the monthly allowance was obviously made because the custody of the children was awarded to plaintiff. But she may die or become so situated that their nurture should be confided to some other person; one or more of the children may die; the defendant may become disabled by disease or accident. In short, the amount which the plaintiff should be allowed, in consequence of her custody of the children, depends upon so many contingencies that it would be impossible to fix upon a gross amount with any reasonable certainty that would prove just and equitable to both parties. We think the trial court wisely fixed upon the plan of monthly payments, to continue until the children respectively attained a certain age, reserving at the same time authority to revise the allowance to meet such contingencies as might arise from time to time.

A complaint is based on the order allowing the plaintiff the household furniture in her possession at the time of the decree. The defendant insists that this portion of the decree is outside the issues, because this furniture was not mentioned in the petition. Where the court has jurisdiction of the parties, authority to grant a divorce carries with it authority to adjust the property rights of the parties with respect to personal property within its juris-

diction. It is not necessary that each item of personalty be specifically mentioned in the petition. The evidence discloses with reasonable certainty the amount of household furniture. It also discloses that the defendant had appropriated a portion of it after the final rupture between him and the plaintiff and before the decree. He retains the tools and implements of his trade, and all personal property, save that portion of the household furniture awarded to the plaintiff. He has no just cause to complain of the division.

The defendant lastly contends that the custody of at least one of the children should have been given to him. The issue as to his fitness to have the care and custody of a minor child of tender age was squarely joined, and the evidence bearing thereon submitted to the court. We have gone over it with care. It would serve no good purpose to comment upon it, further than to say that it satisfies us that the court made no mistake in denying the defendant the custody of any of the children.

It is recommended that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.