CUMMINS, APPELLANT, *v.* CUMMINS, RESPONDENT.

(No. 4,258.)

(Submitted January 8, 1921. Decided February 21, 1921.)

[195 Pac. 1031.]

*Divorce—Alimony—Discretion—Equity—Findings—Appeal and Error.*

Divorce—Alimony—How Determined.

 1. In awarding alimony upon final decree of divorce, the amount which the wife should receive is not a certain proportion of the husband's estate, but is to be determined by the equities of the case and the financial condition of the parties.

Same—Alimony—Discretion.

 2. Where the court in a divorce proceeding awarded the wife practically all the estate of the husband readily convertible into cash to the amount of about $9,000, leaving to him property consisting of a ranch and real estate, some of which was unproductive, valued at $26,000, the decree *held* not open to the objection that the court had not fairly and reasonably exercised its discretion because of its refusal to increase the amount so as to make the award equal one-third of the husband's estate.

Equity—Findings—Evidence—Appeal and Error.

 3. On appeal in an equity case, where it is claimed that the trial court failed to take into consideration a material matter in making its findings, the appellant has the burden of showing that, from a fair consideration of the record, the inference of error is irresistible.

*Appeal from District Court, Dawson County; C. C. Hurley, Judge.*

ACTION for divorce by Mary Cummins against George Cummins. From that part of the judgment awarding alimony, plaintiff appeals. Affirmed.

*Mr. H. J. Haskell* and *Mr. J. A. Slattery,* for Appellant, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

A court in fixing the amount of alimony to the wife, on divorce, should take into consideration whether or not the wife was free from blame; the age, social standing, physical condi-

---

 1. Alimony and its allowance, see notes in 60 **Am. Dec.** 664; 102 **Am. St. Rep.** 700.

tion, capacity to earn and lack of separate estate or means or money, of the wife; the size and productiveness of the husband's estate, his income and his capacity to labor and earn; also the property accumulated by their joint efforts and savings.

A rule for the ascertainment of the amount of alimony has been frequently adopted, by which the wife obtains the same allowance that she would have received had her husband died.' (*King* v. *King*, 28 Ala. 315; *Jeans* v. *Jeans*, 2 Harr. (Del.) 142; *Thornberry* v. *Thornberry*, 4 Litt. (Ky.) 251; *Muir* v. *Muir*, 28 Ky. Law Rep. 1355, 92 S. W. 314.) But it has been held that the allowance to the wife may be extended to one-half of the husband's estate under peculiar circumstances justifying it. (*Wilson* v. *Wilson*, 102 Ill. 297; *Dawson* v. *Dawson*, 110 Ill. 279.) Where the joint labor, care and investments of both parties produced the property of the husband, an allowance of about one-half of such property was held to be reasonable in a case where such wife was weak, sickly and unable to earn her own living. (*Metcalf* v. *Metcalf*, 73 Neb. 79, 102 N. W. 79.) The burden of the care and support of one minor child has been cast on appellant, and the testimony shows that appellant is in feeble health. Under circumstances similar to these, it has been held that one-half of the husband's property awarded to the wife is not unreasonable. (*Crabtree* v. *Crabtree* (Ky.), 85 S. W. 211.) Natural justice requires that when the wife has contributed equally with the husband to the accumulation of property, she should have an equal right to its enjoyment. (*Gercke* v. *Gercke*, 100 Mo. 237, 13 S. W. 400; *Ressor* v. *Ressor*, 82 Ill. 442; *Van Gorder* v. *Van Gorder*, 54 Colo. 57, 44 L. R. A. (n. s.) 998, 129 Pac. 226.) Our courts have gone so far as to hold that the court may consider the value of an estate in expectancy in determining an allowance of alimony. And it has been held that upon the question of the amount of alimony, evidence as to the amount of property owned by the divorced husband's father was proper upon the question of the husband's station and prospects. In *Johnson* v. *Johnson*, 36 Ill. App. 152, the court, in determining the worth of a hus-

band for the purpose of fixing the amount of alimony, considered his interest in his father's estate, which would come into his possession after his mother's death. (See, also, *Driver* v. *Driver* (Ind.), 52 N. E. 401; *Anderson* v. *Anderson,* 152 Ky. 773, 154 S. W. 1; *Sebastian* v. *Rose,* 135 Ky. 197, 122 S. W. 120; *Reed* v. *Reed,* 86 Mich. 600, 49 N. W. 587; *Ferguson* v. *Ferguson,* 147 Mich. 673, 111 N. W. 175.)

*Mr. J. P. Buffington* and *Mr. R. L. Mitchell,* for Respondent, submitted a brief; *Mr. S. V. Stewart,* of Counsel, argued the cause orally.

An award of permanent alimony is within the sound discretion of the court (14 Cyc. 769), as well as the amount of the award (14 Cyc. 773). The determination of the amount of permanent alimony is controlled by no fixed standard, but rests, rather, in the sound discretion of the court, which, being judicial in character, is not liable to be reviewed by an appellate court, except where it is evident there has been a clear abuse thereof. (Ruling Case Law, p. 929; Keezer on Marriage and Divorce, sec. 277; *Huffman* v. *Huffman,* 53 Ind. App. 201, 101 N. E. 400; *Shafer* v. *Shafer,* 53 Ind. App. 325, 101 N. E. 680; *Joliff* v. *Joliff,* 32 Ill. 527; *Brasch* v. *Brasch,* 50 Neb. 73, 69 N. W. 392; *McCarthy* v. *McCarthy,* 143 N. Y. 235, 38 N. E. 288; *Main* v. *Main,* 168 Iowa, 353, 150 N. W. 590; *Doolittle* v. *Doolittle,* 166 Iowa, 625, 147 N. W. 893; *Brown* v. *Brown,* 222 Mass. 415, 111 N. E. 42; *Blair* v. *Blair,* 40 Utah, 306, Ann. Cas. 1914D, 989, 38 L. R. A. (n. s.) 269, 121 Pac. 19; *Van Gordor* v. *Van Gordor,* 54 Colo. 57, 44 L. R. A. (n. s.) 918, 129 Pac. 226.)

In *Peck* v. *Peck,* 113 Ind. 168, 15 N. E. 12, the court, upon the authority of *Ifert* v. *Ifert,* 29 Ind. 473, *Powell* v. *Powell,* 53 Ind. 513, *Conn* v. *Conn,* 57 Ind. 323, *Eastes* v. *Eastes,* 79 Ind. 363, *Metzler* v. *Metzler,* 99 Ind. 384, and *Logan* v. *Logan,* 90 Ind. 107, said: "A very broad discretion is vested in the trial court in the matter of awarding a wife alimony, and it is only where there is a manifest abuse of discretion that this court will interfere. It rests upon the appellant in such cases to show an abuse

of discretion, and if he fails to do so his appeal will be unavailing. In *Call* v. *Call*, 65 Me. 407, it was held that exceptions do not lie to the power addressed to the sound discretion of the presiding judge, granted by statute to decree reasonable alimony.

MR. JUSTICE COOPER delivered the opinion of the court.

A decree of divorce was awarded to the plaintiff in the court below upon allegations of extreme cruelty. Upon the trial it was agreed that the value of the entire real and personal property involved was then $35,486.23, including $8,200 inherited by the defendant from his mother's estate. Upon that basis, the district court awarded to plaintiff personal property amounting to $9,224, consisting of a certificate of deposit, ten shares of bank stock, and $2,200 in money, payable in monthly installments of $100. A piano valued at $225, and some household goods valued at $175, were by agreement also given to the plaintiff. After the court had announced its award, the plaintiff moved that the allowance be increased so that she would receive one-third of all the property. The court denied the motion, and entered a final judgment for plaintiff in the sum of $9,224. Plaintiff appeals.

Accepting, as we must, the undisputed evidence of the cashier [1, 2] of the First National Bank of Intake, that the ten shares of bank stock had a value in addition to its par value of $100; the uncontroverted statement of counsel that the certificate of deposit, with the accrued interest, amounted to more than $6,000; the admitted value of $400 placed upon the piano and household goods given the plaintiff at the trial, and the $2,200 payable in monthly installments of $100, it is plain that the court did consider not only the value but the nature of the property as well in fixing the alimony allowed the wife, and that its discretion extended to and covered the $8,200 about which so much is said. The property involved consisted of a ranch, a livery-stable, a hotel which was unoccupied, out of repair and nonproducing, household goods, a piano, and other personal property. From it the court selected and awarded what might

be termed the liquid assets—property palpably more readily convertible into cash, better suited to her needs and more in keeping with her mental and physical capacity to manage and control than the hotel, farm, livery-stable, and other property of the defendant. We must therefore assume that the court did have in mind all the circumstances and conditions of the parties as well as the nature and value of the property, and that, in parceling it out, it fairly and reasonably exercised the discretion vested in it. Before we can disturb a finding of the trial court, we must be convinced that the property was not distributed in accordance with the condition and necessities of the wife, but that the court misconceived or misapplied its judicial power, and failed to reach a result which fairly responded to the equities and justice of the case. By section 3677, Revised Codes, the court is required to exercise its *discretion* in making the order; and by section 3679 the power to make suitable allowance for the support of the wife during her life having regard to the circumstances of the parties, was lodged wholly in the court below. It is our duty to *review* the orders and judgment of a trial court in proceedings of this character; but to revise them only upon a clear showing of an abuse of discretion in their making. We shall not therefore stop to see whether our estimate of the allowance corresponds with that of the trial court.

The property allotted to plaintiff could certainly be more readily handled by her than the property the court left for the defendant, and bespeaks on behalf of the district court a due regard for the rights of the plaintiff in the premises. As is said in Nelson on Divorce and Separation, in section 908: "There is no absolute rule for determining the amount which the wife should receive when an absolute divorce is rendered. It is not a proportion of the husband's income or of his property. The amount is to be determined by the equities of the case and the financial condition of the parties."

Before a district court can be put in error upon the charge [3] that it has refused to consider a material matter, or has committed a judicial wrong, something more than the unsup-

ported assertion of counsel is required. Proof of it must be pointed out in the record, or the inference therefrom must be irresistible, from a fair consideration of the whole case. (*Farwell* v. *Farwell*, 47 Mont. 574, Ann. Cas. 1915C, 78, 133 Pac. 958; *Consolidated G. & S. Min. Co.* v. *Struthers*, 41 Mont. 551, 111 Pac. 150; Keezer on Marriage and Divorce, sec. 277.)

The claim of appellant that this is a case where the trial court, in the exercise of its judicial discretion, refused to encompass an important element involved in the case, as in *Montana Ore Pur. Co.* v. *Boston etc. Co.*, 22 Mont. 159, 56 Pac. 120, and *Felton* v. *Spiro*, 78 Fed. 576, 24 C. C. A. 321, is not borne out by the record.

This disposes of all the matters comprehended in the many assignments of error, and leaves this court no alternative but to affirm the judgment. It is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.

