MASON, RESPONDENT, v. SWEE, APPELLANT.

(No. 4,362.)

(Submitted April 19, 1921. Decided May 9, 1921.)

[198 Pac. 356.]

*Equity—Partnership—Accounting—Findings of Jury—When Conclusive.*

Equity—Conflicting Evidence—Findings—When Conclusive.
   1.   Where the evidence in an equity case, tried by a jury, is in substantial conflict, the burden rests upon appellant to show that its preponderance was decisively in his favor before a reversal of the judgment on the ground that the findings are not supported by the evidence may be had.

Same—Findings—Evidence—Showing Necessary for Reversal.
   2.   While the findings of a jury in an equity case are only advisory and may be adopted or rejected, yet where the trial court by their adoption approved them, a showing that there is a clear preponderance of the evidence against them is necessary before they will be disturbed on appeal.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by Dwight N. Mason against John Swee. Judgment for plaintiff. Defendant appeals from it and from an order denying him a new trial. Modified and affirmed.

*Mr. Albert Besancon, Mr. E. C. Mulroney, Mr. Coker F. Rathbone* and *Mr. L. I. Wallace,* for Appellant, submitted a brief; *Mr. Besancon* and *Mr. Mulroney* argued the cause orally.

*Mr. A. N. Whitlock* and *Mr. Harry H. Parsons,* for Respondent, submitted a brief; *Mr. Whitlock* argued the cause orally.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

This action was tried in the court below upon appropriate pleadings presenting for determination primarily the issue as to whether or not a general copartnership was entered into between plaintiff and defendant, and for an accounting. By written stipulation entered into and filed at the commencement of

the trial, the parties agreed that the only questions that should be submitted to the jury were whether such partnership ever existed, when it began and terminated, and what percentage of the profits each partner was entitled to, and that, if the jury decide that a partnership as claimed by the plaintiff did so exist and final decree to that effect be entered, an accounting should be had before a referee to be agreed upon by the parties, or designated by the court. The suit was in equity before a jury in its advisory capacity. The response of the jury to the interrogatories submitted was in favor of the plaintiff. The findings of the jury were subsequently adopted by the court, conclusions of law based thereon were made, and decree entered accordingly. Motion for a new trial was made and denied. From the order of the court overruling the motion of the defendant for a new trial and from the judgment these appeals are prosecuted.

The appellant relies upon fourteen specifications of error for a reversal, but a careful examination of the record, together with the briefs of counsel, discloses no necessity for separate consideration thereof, and all will be disposed of in the discussion following.

The special interrogatories submitted to the jury and their findings thereon were:

"Interrogatory No. 1: Was there ever a copartnership existing between the plaintiff and the defendant in the business of practicing law? Answer to interrogatory No. 1: Yes.

"Interrogatory No. 2: If you answer the interrogatory No. 1 in the affirmative, state when said copartnership began. Answer to interrogatory No. 2: November, 1910.

"Interrogatory No. 3: If you answer interrogatory No. 1 in the affirmative, state when said copartnership ended, if at all. Answer to interrogatory No. 3: May 16, 1915.

"Interrogatory No. 4: If you answer interrogatory No. 1 in the affirmative, state what share or percentages of the profits

each partner was to receive. Answer to interrogatory No. 4: Fifty per cent each.''

The testimony submitted on behalf of plaintiff, if standing [1] alone, appears to be amply sufficient to sustain the foregoing findings. The evidence of the defendant, however, produces a substantial conflict upon every material issue tendered by the plaintiff. The jury found the preponderance in favor of the plaintiff. By repeated declarations of this court, the burden rests upon the appellant to show such preponderance decisively to be otherwise in order to sustain a reversal. (*Heilman* v. *Loughrin,* 57 Mont. 380, 188 Pac. 370; *Smith* v. *Hoffman,* 56 Mont. 299, 184 Pac. 842; *Roberts* v. *Oechsli,* 54 Mont. 589, 172 Pac. 1037; *Robitaille* v. *Boulet,* 53 Mont. 66, 161 Pac. 163; *Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76; *Dean* v. *Stewart,* 49 Mont. 506, 154 Pac. 966.) The trial court and the jury hearing the evidence, seeing the witnesses and observing their demeanor and appearance upon the stand, and having before them all of the attendant circumstances, are better able to judge of the credibility and fix the weight to be given to evidence of the various witnesses than is this court, and hence, the jury having resolved the preponderance based upon a substantial conflict in competent evidence in favor of the plaintiff, and the court having approved their findings, we think their findings should not be disturbed.

It is true that the findings of a jury in an equity case are [2] only advisory and may be adopted or rejected by the trial court as its view of the evidence may dictate (*Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009); yet the services of a jury once being had in an equity case, they occupy largely the same position, upon principle, as if rendering their verdict in a case at law, and therefore their findings of fact upon a substantial conflict in evidence should not be rejected unless the evidence viewed as a whole clearly preponderates against such findings. (*Bosanatz* v. *Ostronich, supra.*)

[60 Mont. 32.]

The evidence in this case is voluminous, covering transactions by and between plaintiff and defendant over a period of years from 1910 to 1915. No principle of law is involved upon this appeal requiring a decision for the purpose of establishing precedent, and a review of the facts as shown by the proof would avail nothing, and could only serve to point out a sharp and substantial conflict, which pursuant to its many declarations, precludes this court from doing other than sustain the findings of the court below. (*Bosanatz* v. *Ostronich, supra; Previsich* v. *Butte Elec. Ry. Co.*, 47 Mont. 170, 131 Pac. 25; *Murphy* v. *Cooper*, 41 Mont. 72, 108 Pac. 576.) We find no error in the record to justify a reversal.

It is to be observed, however, that plaintiff testified that a full settlement of all fees between himself and defendant was had up to July 1, 1914, and he makes no claim to his testimony for any accounting prior to that date. We think the decree of the lower court should be modified so as to exclude an accounting between these parties prior to July 1, 1914, and with that modification we recommend that the judgment and order of the lower court be affirmed.

PER CURIAM: For the reason stated in the foregoing opinion, it is ordered that the decree of the lower court be modified so as to exclude an accounting between the parties prior to July 1, 1914, and, as so modified, the judgment and order of said court is affirmed.

*Modified and affirmed.*