IN RE McLURE'S ESTATE. GOW, RESPONDENT, v. O'CONNOR, APPELLANT.

(No. 4,964.)

(Submitted May 24, 1922. Decided June 19, 1922.)

[208 Pac. 900.]

*Estates of Deceased Persons—Executors and Administrators—Wills—"Endowed"—Definition—Implied Findings—Appeal and Error.*

Administrator With Will Annexed—Right of Widow to Nominate—Wills—"Endowed"—Definition.
1. Under section 10068, Revised Codes of 1921, relatives of a decedent are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof. The widow under the will was "endowed in his estate, real and personal." In a proceeding seeking to debar the widow from nominating an administrator with the will annexed, *held* that the testator by the use of the word "endowed" did not intend that she should be limited to her right of dower—a third part of his real property—but did intend that she should have the same portion of his estate, both real and personal, to which she would have been entitled had he died intestate.

Wills—Construction—Intention of Testator.
2. That construction of a will must be favored which will reconcile with testator's intention the several provisions thereof.

Administrator With Will Annexed—Appointment—Discretion.
3. The request made by children of a decedent for the appointment of an administrator other than the one nominated by the widow was addressed to the sound discretion of the court, the exercise of which will not be disturbed on appeal unless a clear abuse thereof is shown.

Same—Appointee Asserting Claim Against Estate not Disqualification.
4. The mere fact that a person nominated by decedent's widow as administrator with the will annexed asserts adverse interests against and makes claims upon the estate does not render him incompetent to serve.

Same—Order of Appointment—Implied Findings.
5. Where an order appointing an administrator with the will annexed at the request of the widow, was general in terms, every finding necessary to support the order will be implied on appeal.

Findings Conclusive, When and When not.
6. Findings will not be disturbed on appeal unless the evidence clearly preponderates against them.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

PETITIONS by J. D. O'Connor and Paul A. Gow for appointment as administrator with the will annexed of the estate of

[63 Mont. 536.]

Charles D. McLure, deceased. From an order appointing petitioner Gow, O'Connor appeals. Affirmed.

*Mr. N. A. Rotering* and *Mr. A. C. McDaniel*, for Appellant, submitted a brief; *Messrs. Norris, Hurd & Rhoades*, of Counsel; *Mr. McDaniel* and *Mr. Edwin L. Norris* argued the cause orally.

The word "dower," both technically and in popular acceptation, has reference to real estate exclusively. (*Dow* v. *Dow*, 36 Me. 211; *Estate of Davis*, 36 Iowa, 24.) An antenuptial contract, in which the wife agreed to surrender her right to dower or homestead in or to any property which should belong to the estate of her husband, should be construed as meaning her interest in his real estate only, and not in his personal property. (*Pitkin* v. *Peet*, 87 Iowa, 268, 54 N. W. 215; see, also, *Chapin* v. *Hill*, 1 R. I. 446; *Weindel* v. *Weindel*, 126 Mo. 640, 29 S. W. 715; *Rusk* v. *Hill*, 121 Ga. 379, 49 S. E. 261; *In re Martens*, 106 App. Div. 50, 94 N. Y. Supp. 297; *Howard* v. *Strode*, 242 Mo. 210, Ann. Cas. 1913C, 1057, 146 S. W. 792; *Spalding* v. *Hershfield*, 15 Mont. 253, 39 Pac. 88; *Chadwick* v. *Tatem*, 9 Mont. 354, 23 Pac. 729.)

It is our contention that, under the will, the widow takes no portion of the personal estate, and by reason thereof cannot be appointed administratrix and cannot nominate another for appointment. (See *O'Hara* v. *Dever (Sullivan)*, 2 Abb. Pr. (N. S.) (N. Y.) 418, 46 Barb. 609; *Richardson* v. *Trubey*, 240 Ill. 476, 88 N. E. 1008; *State* v. *Griffith*, 5 Harr. (Del.) 109; *Snider's Estate*, 174 Pa. St. 620, 34 Atl. 318; *Weatherhead's Lessee* v. *Baskerville*, 11 How. (U. S.) 329, 13 L. Ed. 717 [see, also, Rose's U. S. Notes]; *McLennan's Estate*, 179 Mich. 595, 146 N. W. 265; *Nichols* v. *Boswell*, 103 Mo. 151, 15 S. W. 343; *Banzer* v. *Banzer*, 156 N. Y. 429, 51 N. E. 291; *Smith* v. *White*, 107 Va. 616, 59 S. E. 480; *Sevier* v. *Woodson*, 205 Mo. 202, 120 Am. St. Rep. 728, 104 S. W. 1; *Wood's Estate*, 36 Cal. 75; *Campbell's Estate*, 27 Utah, 361, 75 Pac. 851; *Lane* v. *Vick*, 3 How. (U. S.) 464, 11 L. Ed. 681 [see, also, Rose's

U. S. Notes]; *Phillip's Estate,* 205 Pa. St. 504, 97 Am. St. Rep. 743, 55 Atl. 210; *Roseboom* v. *Roseboom,* 81 N. Y. 356, 357; *Gaskins* v. *Hunton,* 92 Va. 528, 23 S. E. 885; *Estate of Davis,* 36 Iowa, 24.)

To be entitled to letters of administration, the relatives of the deceased must be entitled to take at least a portion of the personal estate. If such person does not take a portion, neither he nor his nominee can be appointed administrator in preference to another entitled under the statute. (*Davis' Estate,* 106 Cal. 453, 39 Pac. 756; *Edson's Estate,* 143 Cal. 607, 77 Pac. 451; *Winbigler's Estate,* 166 Cal. 434, 137 Pac. 1.)

The evidence shows that Paul A. Gow has interests adverse to the estate, that the estate has claims against the respondent, that the respondent is claiming certain personal property of the estate, and when these facts appear the court cannot appoint such person as administrator, and, therefore, though such person may have valid nominations for his appointment, he cannot be appointed. (*Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524; *Cogswell* v. *Hall,* 183 Mass. 575, 67 N. E. 638; *Marks* v. *Coats,* 37 Or. 609, 62 Pac. 488; *Haines* v. *Christie,* 17 Colo. App. 272, 68 Pac. 669; *Koury* v. *Castillo,* 13 N. M. 26, 79 Pac. 293; *In re Wallace,* 68 App. Div. 649, 74 N. Y. Supp. 33; *Lichtenberg* v. *Herdtfelder,* 103 N. Y. 302, 8 N. E. 526.)

*Messrs. Walker & Walker,* for Respondent, submitted a brief; *Mr. Frank C. Walker* argued the cause orally.

MR. JUSTICE FARR delivered the opinion of the court.

This appeal is from an order appointing Paul A. Gow administrator with the will annexed of the estate of Charles D. McLure, deceased, and refusing to so appoint D. J. O'Connor.

The deceased died testate on May 20, 1918, possessed of real and personal property in Silver Bow county and other counties in Montana. He left surviving him a widow, six children, and a granddaughter. His will was admitted to pro-

bate in Silver Bow county on June 20, 1918, and William R. McLure, a son, and Clara McLure (Jones), a daughter, were appointed executor and executrix, respectively, pursuant to the nomination in the will. They served as such until April 23, 1921, when they were removed for cause. On April 23, 1921, D. J. O'Connor, a creditor, filed a petition for letters of administration with the will annexed. O'Connor became a creditor by the purchase, on January 31, 1921, from the Murray Hospital Association, of a claim against the estate in the sum of $162, for the consideration of $81; the assignment being filed February 11, 1921. On May 7, 1921, Paul A. Gow filed a petition asking that letters of administration with the will annexed be issued to him, alleging that he is the "nominee" of Marrianne McLure and Charlotte McLure McConnell, daughters, T. B. Edgar McLure, son, and Clara Edgar McLure, surviving widow. At the same time there were filed by the said Clara Edgar McLure, T. B. Edgar McLure, Charlotte McLure McConnell, Marrianne McLure, and Paul A. Gow, objections to the granting of the petition of D. J. O'Connor. O'Connor in turn filed objections to the petition of Paul A. Gow upon the ground of an alleged claim of Gow against the estate, and because of the alleged appropriation and conversion by Gow of property belonging to the estate. On May 21, 1921, O'Connor filed a motion to strike from the files the nomination made by the widow, Clara Edgar McLure, of Paul A. Gow for appointment as administrator, claiming, in effect, that the widow is not entitled to any portion of the personal estate of her deceased husband; that under the will she takes only such dower as is allowed under the laws of Montana, namely, a "third part of all lands whereof her husband was seized of an estate of inheritance * * * " (sec. 5813, Rev. Codes 1921), and, not having elected to renounce the devise in the will, she is now barred of such election and, as a result, is not herself entitled to letters of administration or to nominate any person for appointment. The petitions, the objections, and O'Connor's motion to strike the nomination made by

the widow, were all heard and considered together. The motion to strike was denied, and Paul A. Gow was appointed administrator with the will annexed. The appeal is from the order appointing Gow and refusing to so appoint O'Connor.

The ruling of the court in denying the motion to strike the nomination made by the widow, Clara Edgar McLure, of Paul A. Gow as administrator with the will annexed, is assigned as error. It is insisted by appellant's counsel that the widow did not have the right of nomination of an administrator with the will annexed because, it is argued: That by the terms of the will she is not entitled to take any portion of decedent's personal estate; that she has not elected to renounce said devise under the will and take her dower in the lands and her share in the personal estate; and that she is now barred of such election by the provisions of sections 5819 and 5820, Revised Codes of 1921, not being entitled to any portion of the personal property under section 10068, Revised Codes of 1921, which provides that relatives of the deceased are "entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof," that she is neither entitled to administer herself nor to nominate someone as administrator.

The will first makes a bequest to Clara Irene McLure, a [1, 2] granddaughter, the only daughter of a deceased son, of $50, and next a bequest to Clara McLure (Jones), a daughter, and William R. McLure, a son, for the use and benefit of the said child, Clara Irene McLure, the same portion of the estate as her father would have under the laws of succession if he were living at the time of the death of the testator. It then provides that "all of the remainder of my property shall be divided equally among my six children now living." Then follows the nomination of the executor and the executrix, and then next, and immediately before the date line and signature, is the following provision: "My wife shall be endowed in my estate, real and personal in

Montana as under the law of Montana, real in any other state as under the law of such state."

While it is argued that these provisions are inconsistent, appellant does not contend, as we understand, that effect must not be given to the provision in favor of the widow. "All the parts of a will are to be construed in relation to each other, so as, if possible, to form one consistent whole, * * * " is the language of section 7020, Revised Codes of 1921; and even if it could be contended that these provisions are absolutely irreconcilable, then the provision in favor of the widow would prevail. (Sec. 7020, Rev. Codes 1921.)

In construing the provision in favor of the widow, it is necessary to first arrive at the testator's intention, and that construction will be favored which will reconcile the several provisions with his intention, for a will is to be construed according to the intentions of the testator. (Sec. 7016, Rev. Codes 1921.) What portion of his estate did the testator intend his widow to have by saying, "My wife shall be endowed in my estate * * * "? What did he mean by the word "endow"? Did he intend thereby that his widow should be limited to her right of dower—a third part of all his lands—as contended for by appellant; or did he intend that she should have that same portion of his estate, both real and personal, to which she would have been entitled had he died intestate? Appellant's construction would take from the widow, the natural object of the testator's bounty, that which without a will the law would have given to her. Such a construction is not to be favored unless the "intention" of the testator is so expressed in clear and unequivocal language.

"The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained." (Sec. 7023, Rev. Codes 1921.) The word "endow" in its ordinary and grammatical sense means: To furnish with money or its equivalent; to make pecuniary provision for; to

bestow a fund or income upon or for, as a permanent provision for an appointed purpose. (Webster's New International Dictionary; Century Dictionary; Standard Dictionary.) An old marriage ceremony concludes with the words, "With all my worldly goods I thee endow." The testator in using the word "endowed," at least so far as the Montana "estate" is concerned, in our opinion, and we so hold, did not intend that it be limited to the technical sense of giving "dower," a provision out of real estate, but did intend that it should include "all his worldly goods," personal as well as real. (*Gupton* v. *Gupton,* 40 Tenn. (3 Head) 488, 489.) That such was the intention of the testator as to his estate in Montana, independent of the ordinary and grammatical sense of the word "endowed," is indicated by the language employed in the paragraph as qualifying the word "estate," from which it appears that as to the estate in Montana the widow is to have "real and personal in Montana as under the law of Montana"; but as to any estate there may be in any other state, it appears to be limited to real estate only, by the use of the phrase "real in any other state as under the law of such state."

The widow, therefore, being entitled under the will to that same portion of her deceased husband's estate, both real and personal, to which she would have been entitled had he died intestate, clearly had the right *in limine* to nominate an administrator with the will annexed, and her nomination was absolute if the person she nominated be competent. (Sec. 10068, Rev. Codes 1921; *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741; *In re Blackburn's Estate,* 48 Mont. 179, 137 Pac. 381; *State ex rel. Cotter* v. *District Court,* 49 Mont. 146, 140 Pac. 732; *In re Watson's Estate,* 31 Mont. 438, 78 Pac. 702.) The court, therefore, properly considered the nomination made by the widow.

In addition to the nomination by the widow, requests were [3] made by three of the children, a son and two daughters, for the appointment of Paul A. Gow as such administrator.

These requests were addressed to the sound discretion of the district court, the exercise of which will not be disturbed unless a clear abuse thereof is shown. (*Melzner* v. *Trucano,* 51 Mont. 18, 149 Pac. 365.)

But the appellant O'Connor further contends that even [4] though the widow had the right *in limine* to make the nomination, and the children the right to request it, Gow should not have been appointed, because it is said that he is asserting interests in property adverse to the estate and that he is making a claim upon the estate. The mere fact, if it be so, that Gow is asserting interests in property ostensibly belonging to the estate or making claim upon the estate, does not deprive the widow of the right to nominate him as administrator. (*In re Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524; *In re Blackburn's Estate, supra; State ex rel. Cotter* v. *District Court, supra.*) "No condition or limitation is imposed upon her choice save that  *  *  *  the person she nominates be competent," and the assertion of a claim against the estate is not by statute (sec. 10072, Rev. Codes 1921) made a ground of incompetency.

Appellant relies upon the case of *In re Dolenty's Estate, supra,* in which the court decreed the removal of the widow as executrix and the appointment of another person in her stead, which decree, in effect, deprived the widow of the right to nominate a successor. But counsel misconstrue the holding in that case. The court there, speaking through Mr. Chief Justice Brantly, in referring to the right of the widow to be appointed, and her subsequent removal, said: "Certainly the executrix was not rendered incompetent to receive the appointment *in limine* because she asserted claim to property ostensibly belonging to the estate (*In re Blackburn's Estate, supra*); but when the exigencies which have arisen since her appointment have put her in a position so antagonistic to the creditors that she cannot do justice to them and the estate, and at the same time establish her right, she ought

to be relieved from her position. and some fit person put in her place."

And even though a situation could be presented in the first instance of such a character as to make the propriety of the appointment of the widow's nominee questionable, such a state of facts is not presented by the record in this [5, 6] case. There were no special findings. The district court's order was in general terms and, therefore, every finding necessary to support the order appealed from will be implied. The findings will not be reversed except when the evidence clearly preponderates against them. These principles are well established in this jurisdiction by a long line of decisions. (*Croft* v. *Bain*, 49 Mont. 484, 143 Pac. 960; *Steiner* v. *McMillan*, 59 Mont. 30, 195 Pac. 836; *Mason* v. *Swee*, 60 Mont. 32, 198 Pac. 356); and by our previous decisions cited in these cases. The order being in general terms, it cannot be said whether the trial court in making the appointment of Gow heeded the requests made by the three children or was guided by the nomination made by the widow. In either event, the order would be sustained. If because of the requests of the children, then it has not been shown that the court in heeding such requests abused the sound discretion with which it was clothed. (*Melzner* v. *Trucano, supra.*) If because of the nomination by the widow, it will be presumed that the court found that the nominee Gow was not for any reason incompetent to act. If the order can be sustained upon any ground, it would be the duty of this court to affirm it.

The district court considered the question of Gow's alleged adverse interests and claim, and by its order impliedly found that he had no such claim or interests as to disqualify him. It will serve no useful purpose to review the evidence relating to these matters, for it was in most every respect in substantial conflict; and even where not in conflict, and construing it all most favorably to appellant's contention, it cannot be said that the implied finding with respect to Gow's

interests and claim is against the evidence, or that the district court abused that sound discretion with which it was clothed.

The order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of CHIEF JUSTICE BRANTLY, disqualified, concur.

Rehearing denied July 15, 1922.