BRISTOL, RESPONDENT, *v.* BRISTOL, APPELLANT.

(No. 4,856.)

(Submitted September 16, 1922. Decided December 21, 1922.)

·[211 Pac. 205.]

*Husband and Wife—Divorce—Alimony—Discretion—Award in Lump Sum—When Error—Findings—Evidence—Sufficiency.*

Equity—Divorce—Findings—Evidence—Sufficiency—Appeal.
　1. In an action for divorce, as in all other equity cases, the findings of the trial court will not be disturbed on appeal unless there is a decided preponderance of the evidence against them.

Divorce—Extreme Cruelty—*Quantum* of Proof.
　2. In an action for divorce asked for on the ground of extreme cruelty, consisting in failure of defendant to provide for plaintiff and minor children, in unjustified criticism and wordy abuse, *etc.,* the *quantum* of proof justifying a finding of the ultimate fact of its existence is largely a question for the trial court's determination from all the facts and circumstances made to appear, and its conclusion

[65 Mont. 508.]

will not be interfered with on appeal unless the evidence is so slight as to indicate an abuse of discretion.

Same—Alimony—Award in Lump Sum—When Error.

    3. While the awarding of alimony is largely discretionary and alimony may properly be allowed a wife in a lump sum, where the only property of substantial value owned by defendant husband consisted of a farm worth about $18,000, which would have to be sold to satisfy a judgment for $14,000 alimony, and the record did not disclose that the wife had ability in money matters or would, if she received that amount, use it wisely for either her own or the children's benefit, a monthly or other periodical allowance *held* the better practice.

*Appeals from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Margaret Bristol against Hiram J. Bristol. From a judgment for plaintiff and an order denying defendant's motion for a new trial, defendant appeals. Affirmed in part and modified in part.

*Messrs. Cheadle & Cheadle* and *Mr. Charles J. Marshall,* submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

Under our law, the judgment cannot be attacked because the court made an award of alimony in the first instance in a gross sum. In *Cohen* v. *Cohen,* 150 Cal. 99, 88 Pac. 267, it is said: "The judgment in the first instance might have been made for a gross sum, or for periodical payments.   *   *   *   " There is no fixed rule for determining the amount of alimony. In the absence of statutes to the contrary, the courts in awarding alimony are not confined to any specific proportion of the husband's property. (*Hogg* v. *Maxwell,* 233 Fed. 290; *Goldie* v. *Goldie,* 123 Iowa, 175, 98 N. W. 630, 99 N. W. 707; *Walton* v. *Walton,* 57 Neb. 102, 77 N. W. 392.) Thus, an award of all of the property of the husband to the wife has been sus-

    3. Proportion of husband's estate proper to be awarded to wife as permanent alimony, see notes in Ann. Cas. 1913A, 803; Ann. Cas. 1914D, 319. •

tained. (*Ramsdell* v. *Ramsdell,* 47 Wash. 444, 92 Pac. 278; *Mitchell* v. *Mitchell,* 39 Wash. 431, 81 Pac. 913; *Wuest* v. *Wuest,* 17 Nev. 217, 40 Am. Rep. 442, 30 Pac. 886.) Four-sevenths of the husband's real estate has been sustained. (*Douglas* v. *Douglas,* 81 Iowa, 258, 47 N. W. 92.) The total of the award in this case was $14,533.10. The burden of caring for the children was cast upon the respondent. The award was less than one-half of the appellant's property.

In *Jeter* v. *Jeter,* 36 Ala. 391, where the husband's estate was worth at least $46,000, $20,000 award was held not excessive, although ample provision had been made by the appellant for the elder of his two children. An award of $5,250 was held not excessive in *Hendrix* v. *Hendrix,* 101 Wash. 535, 172 Pac. 817, where the husband was earning $135 per month and had property valued at between $7,000 and $10,000. Two thousand two hundred fifty dollars was held a proper award where the husband was worth $4,500, and the wife given custody of the children. (*Heist* v. *Heist,* 48 Neb. 794, 67 N. W. 790.) In *Johnson* v. *Johnson,* 36 Ill. App. 152, where the husband's property was worth from $4,000 to $6,000, a $2,000 award was held proper. Fifteen hundred dollars out of property valued at $3,500 was held proper in *Metzler* v. *Metzler,* 99 Ind. 384. Eleven hundred dollars was not considered by the Indiana court as excessive where the husband was worth $2,200 and to which the wife had contributed only $300. (*Hedrick* v. *Hedrick,* 128 Ind. 522, 26 N. E. 768.) Five thousand dollars was held not improper in *Pauly* v. *Pauly,* 69 Wis. 419, 34 N. W. 512, although the husband was not shown at the time of the divorce to be in possession of an estate, but was possessed of good business ability and had always been successful in accumulating property.

MR. JUSTICE FARR delivered the opinion of the court.

The plaintiff was granted an absolute decree of divorce from the defendant on the ground of extreme cruelty. The decree also awarded to the plaintiff the custody of the three minor children, the issue of the marriage, and alimony in the

sum of $14,000, together with attorney's fees of $500, and costs in the sum of $33.10. The defendant appeals from the judgment and from the order overruling his motion for a new trial.

The plaintiff makes objection to the consideration of some of the specifications of error. It is sufficient to say, without entering into any detailed discussion, that we do not think that the objections go to the questions which we believe to be determinative of this case, and, in view of the fact that this is an equity case, we shall consider and pass upon the two decisive questions presented for our determination by the specifications of error.

While there are several specifications of error alleged, only two questions are presented thereby for this court's consideration: First, the sufficiency of the evidence to sustain the trial court's finding that the extreme cruelty alleged was proven, and that the plaintiff was entitled to a decree of divorce on that ground and to the custody of the minor children; and, second, whether the award to the plaintiff of $14,000 as permanent alimony should be sustained.

1. As to the sufficiency of the evidence to sustain the finding of extreme cruelty: The extreme cruelty alleged and found consisted of conduct towards and treatment of the plaintiff which "inflicted grievous mental suffering upon her, in that he has constantly, when in and about their house and domicile, indulged in abuse and criticism of the plaintiff, without cause or reason; that he has constantly possessed a miserly and stingy disposition, and has refused to provide the plaintiff and their minor children, issue of said marriage, the necessaries of life, and has compelled plaintiff and their children to do without sufficient nutritious food, and has not furnished them with a home suitable for their comfort, and that he has not equipped the home suitable for their comfort; that he has never provided a suitable bed for the plaintiff and the said children, and has failed to properly care for the plaintiff and the said children, although he has abundant means and ability to properly care for said plaintiff and said children; that plaintiff

has been required to call upon the charity of her parents and friends for the necessaries of life and the common comforts of home; that the said course of conduct has continued for more than one year previous to the filing of the said amended complaint, and is justly and reasonably of such a nature as to inflict upon the plaintiff grievous mental suffering, and has been of such a nature and character as to destroy the peace of mind and happiness of the plaintiff, and to entirely defeat the proper and legitimate objects of the marriage of plaintiff and defendant, and to render a continuation of the marriage relation between them perpetually unreasonable and intolerable to the plaintiff, and that the said course of conduct was persisted in for more than one year before the filing of the said amended complaint; that the said course of conduct resulted in the shattering of the nervous system of the plaintiff to the extent that the same became wholly unbearable to her and the said children, the issue of said marriage; and that, by reason thereof, the plaintiff was compelled to and did on the sixteenth day of September, 1918, leave the place of residence of the plaintiff and defendant.''

The defendant denied all of plaintiff's charges, and pro-
[1] duced some testimony to corroborate his defense. This being an equity case, our first inquiry is to determine whether there is sufficient evidence to support and uphold the court's finding. It will not be disturbed unless there is a decided preponderance of the evidence against it. This rule is well established in this state.

It is not necessary to go into the details of the plaintiff's testimony as to the acts and conduct of the defendant constituting extreme cruelty, for no principle of law is involved requiring a decision for the purpose of establishing a precedent. [2] (*Mason* v. *Swee,* 60 Mont. 32, 198 Pac. 356.) Where the charge of cruelty is of the nature here alleged, no inflexible rule as to what probative facts should exist in order to justify a finding of the ultimate fact of its existence can be laid down. This is largely a question for the trial court to determine from all of the facts and circumstances, and its conclu-

sion will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion. While the evidence on the part of the defendant contradicted that of the plaintiff in most particulars, this court may not interfere with a finding of fact where the evidence thereon is merely conflicting. Before the court could interfere, it would have to affirmatively appear that the evidence preponderates against the finding. This rule applies to divorce cases as well as to any other. (*Lagier* v. *Lagier*, 58 Mont. 267, 193 Pac. 393.)

We have carefully read and considered all of the testimony, and it cannot be said that it preponderates against the court's finding as to extreme cruelty. We think the acts and conduct of defendant, as testified to by plaintiff, entitle her to a decree of divorce. For the same reason the evidence is sufficient to sustain the court's finding, and the decree entered thereon as to the custody of the children.

2. On the question of alimony: The defendant was the [3] owner in his own name, in fee, of 480 acres of land in Fergus county, of which about 250 acres was plow land and the balance pasture land. It appears to be in one compact body or farm. Defendant says that he was offered for his farm at one time $24,000 and at another $18,000, and that it was assessed for between $22,000 and $23,000, assumedly in 1919. The court found its value to be "$18,000 and upwards, and that the said real estate is unencumbered." We think that the finding of its value at $18,000 is supported by the evidence.

The court also found that "the said defendant owns other real property and personal property," but there being no proof as to the value of any of this property, the court made no finding thereon. The only other real property shown by the evidence was a possible equity in a house and two lots in the town of Moore that had been purchased on contract. The contract price, payable in installments, was $900. The evidence does not clearly show that the installment payments had been met, and that the contract was in force at the time of the trial. If so, defendant's equity therein, based on the

payments made at that time, approximated the sum of $180. The only personal property shown by the evidence consisted of a few household goods, a few farming implements and mechanics' tools. The real estate is unencumbered. He owed a bank at Moore at the time of the trial about $500.

Defendant is a master plumber by trade but had not, for a considerable period of time before the trial, followed his trade. At the time of or just before the trial he was a janitor of the school building in the town of Moore, receiving a salary of $85 per month. He testified that he had not been able to obtain steady employment at his trade, but there was evidence tending to contradict this. It does appear, however, that defendant was economical in money matters—in fact, his economy and frugality, in the opinion of the court, amounted to stinginess so far as providing for the wants and necessities of his family. No complaint was made of the defendant that he had spent any of his money in dissipation or in foolishness. He was economical and frugal, so far as his family was concerned, to a fault. The record discloses that at the time of the trial, October, 1919, the oldest child, a girl, was six years old, the next, a son, was nearly five, and the other child, a son, three and one-half years of age. He owned the farm at the time of his marriage in 1912, but it was not then fully paid for. A portion of it was acquired by homesteading under the federal land laws, and the balance by purchase.

The defendant has only the farm out of which the judgment could be satisfied. At the most extreme figure testified to, it is not at all reasonable to assume that he could borrow thereon this amount. Taking its value as fixed by the court as $18,000, it is almost a certainty that he could not borrow $14,000 thereon. If he should be able to sell at the price found as its value, then he would have left only about $4,000. While there are cases in which an award of all, or nearly all, the property to the wife has been sustained, the facts and circumstances of such cases are exceptional and vastly different from those in the case at bar. There is not anything in the evidence in this case to show ability on the part of the

plaintiff in money matters, or anything of a nature to indicate that if she received $14,000 it would be wisely or properly used for either her own or her children's benefit. If given to her, and if through poor management or misfortune she would lose it, the defendant's obligation toward the children as their father would still exist. His obligation to them would obtain in any event. The facts of this case are entirely dissimilar to those in *Cummins* v. *Cummins*, 59 Mont. 225, 195 Pac. 1031. It would appear to this court from all that the record discloses that it would in all probability be necessary, should the award of alimony be sustained, that the real estate be sold at forced sale in order to satisfy the award. Under present conditions, which are too well and generally known for this court not to be cognizant thereof, that would no doubt result in a considerable of a sacrifice.

While allowance of money in a lump sum as alimony to the wife is authorized by our statute (*Cummins* v. *Cummins, supra; Robinson* v. *Robinson,* 79 Cal. 511, 21 Pac. 1095; *Huellmantel* v. *Huellmantel,* 124 Cal. 583, 57 Pac. 582), in a case of this kind where no complaint is made, as here, as to the husband's industry and financial ability, and where the property consists of but one parcel, the sale of which, in order to satisfy the judgment for alimony, would probably be necessary, we think it the better practice to make a monthly, or other periodical, allowance, to the end that the court can, from time to time, modify its order in these respects should changed conditions or circumstances make it advisable or necessary. (*Doerle* v *Doerle,* 96 Misc. Rep. 72, 159 N. Y. Supp. 637; *Tremper* v. *Tremper,* 39 Cal. App. 62, 177 Pac. 868; *Hays* v. *Hays,* 75 Neb. 728, 106 N. W. 773; *Young* v. *Young,* 196 Mich. 316, 162 N. W. 993.)

While we recognize the rule that the awarding of alimony by a trial court is in a large measure discretionary, in view of the considerations mentioned, the award made in this case cannot be sustained. Though the record is all before us and has been carefully read, it is not sufficiently complete to enable this court to determine just what allowance should be made

the plaintiff. The age of either the plaintiff or defendant does not appear from the record, and we think their age might be an element to be taken into consideration. What provision, if any, has been made for the maintenance of the plaintiff and the minor children pending the appeal to this court is not disclosed. If adequate provision has been made for them out of defendant's earnings or his property during this period, that should be taken into consideration, as should also his failure to do so, if that should be the fact.

We therefore find it necessary to remand this cause to the district court for further hearing and proof as to the amount that should be allowed for the maintenance of the children of the marriage, and to the wife for her support, having regard to the circumstances of the parties, respectively, with the idea that the district court may, from time to time, modify its orders in these respects as occasion may require, the rights of the wife and children to a continued payment of the periodical allowance to be secured and enforced by any remedy applicable to the case.

The court, therefore, affirms the judgment in so far as it dissolves the bonds of matrimony and awards the custody and control of the three children to the plaintiff, and directs its modification as to the award of alimony to the plaintiff for the support and maintenance of herself and the children, and the cause is remanded to the district court of Fergus county, with directions to hear such further proof as may be necessary to enable it to make an award of alimony, and to make such award in conformity with the views herein expressed, reserving, as of course, the right from time to time, to modify its judgment or other orders in any of the respects mentioned. The defendant will pay the costs of the appeal.

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.