IN THE MATTER OF THE ESTATE OF CORA E. JOY, DECEASED. LEE JOY, PLAINTIFF AND APPELLANT, v. MAUDE PACE, DEFENDANT AND RESPONDENT.

No. 9770.
Submitted June 30, 1958. Decided July 17, 1958.
Rehearing Denied August 4, 1958.
328 Pac. (2d) 127.

112

Collins & Burns, Dillon, John Collins, Dillon, argued orally for appellant.

McFadden & Davis, Dillon, Carl M. Davis, Dillon, argue orally, for respondent.

MR. JUSTICE ANGSTMAN:

Cora E. Joy, a resident of Beaverhead County, died intestate on May 5, 1956. She left as her only heirs at law, two daughters, Pearl Mittelmeier and Maude Pace, and one son, Lee Joy. Her estate consists of a judgment against Lee Joy in the sum of $7,264.

On June 28, 1956, Maude Pace filed petition for letters of administration of her mother's estate, supported by a request signed by her sister Pearl that the petition be granted.

On July 12, Lee Joy filed objections to the appointment of Maude Pace, and a petition that letters be issued to him. Both petitions were heard together.

The evidence produced at the hearing shows that the judgment against Lee Joy, and in favor of Cora E. Joy was entered June 6, 1955. It was granted on the pleadings, defendant, Lee Joy, having admitted all the allegations concerning his indebtedness to Cora E. Joy. He specifically waived all objections to the granting of the motion for judgment on the pleadings. The evidence also shows that the judgment has not been paid or satisfied.

The court made its order denying the petition of Lee Joy and granting that of Maude Pace. Lee Joy has appealed from the whole of that order. He relies on section 91-1402, R.C.M. 1947, to the effect that: ''Of several persons claiming and equally entitled to administer, males must be preferred to females

\* \* \*.'' It is his contention that the statute is mandatory and that the court has no discretion but must prefer the male to the female.

That this is the general rule there can be no doubt. But here ▮ the entire estate of deceased consists of the judgment rendered against Lee Joy. That judgment had been entered eleven months before the death of Cora E. Joy. It remained wholly unpaid at the time of the hearing on the petitions.

While the general rule is that one holding a claim against an ▮▮ estate is not incompetent to administer the estate, In re Blackburn's Estate, 48 Mont. 179, 137 Pac. 381; In re McLure's Estate, 63 Mont. 536, 208 Pac. 900; In re Graff's Estate, 119 Mont. 311, 174 Pac. (2d) 216; In re Dolenty's Estate, 53 Mont. 33, 161 Pac. 524, it does not follow that where the entire estate of deceased consists of an indebtedness to the estate that the one owing the indebtedness must still be appointed to administer the estate as a matter of right. Rather, we think that circumstance leaves the appointment in the discretion of the court.

Lee Joy, as the administrator, might not proceed with proper enthusiasm to enforce the judgment against himself. Under the circumstances the degree of adverse interest is sufficient to justify the court, in its discretion, in concluding that he is not a proper person to administer the estate. In re Rinio's Estate, 96 Mont. 344, 30 Pac. (2d) 803; and In re Graff's Estate, supra.

The fact that Lee Joy admitted the facts upon which the ▮ judgment was entered against him does not justify the conclusion that there was or is no adverse interest between him and the estate. The matter of enforcing the judgment will rest in the hands of the administrator. The administrator ought not be one who appears on both sides of the docket in litigation. In re Adkin's Estate, Mont., 319 Pac. (2d) 512.

The court did not abuse its discretion in appointing Maude Pace as administratrix and denying the petition of Lee Joy.

The order appealed from is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, BOTTOMLY and ADAIR, concur.