# In re CAMERON'S ESTATE.

(No. 6,527.)

(Submitted November 25, 1929.   Decided January 27, 1930.)

[284 Pac. 143.]

*Messrs. Freeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

*Messrs. Molumby, Busha & Grerenan,* for Respondent, submitted a brief; *Mr. Charles T. Busha, Jr.,* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Kate Cameron died testate in Cascade county, leaving personal· estate. The person named as executor in her will had predeceased her. Alexandera Fillian, a daughter of decedent, and Sam Stephenson, the nominee of three nonresident daughters of decedent, on the same day severally filed a petition for letters of administration with the will annexed. Each of

the applicants is a resident of Cascade county, and each is qualified to receive letters of administration upon the estate. The court denied the application of Mrs. Fillian, ordering letters issued to Mr. Stephenson. Mrs. Fillian has appealed.

The single question presented is, Had the court the discretionary power to appoint either the nominee of the nonresident daughters or the resident daughter, or was it mandatory to appoint the resident daughter?

Section 10068, Revised Codes 1921, provides:

"Administration of estate of all persons dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof, and they are, respectively, entitled therein in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"2. The children.

"3. The father or mother.

"4. The brothers.

"5. The sisters, * * * "

Section 10072, Id., provides: "No person is competent or entitled to serve as administrator or administratrix who is: * * * 2. Not a bona fide resident of the state; but if a person otherwise entitled to serve is not a resident of the state, and either the husband, wife, or child, or parent, or brother, or sister of the deceased, he may request the court or judge to appoint a resident of the state to serve as administrator, and such person may be appointed, but no other nonresident than a surviving husband, wife, or child, or parent, or brother, or sister shall have such right to request an appointment, and the court or judge must order letters issued to the applicant entitled thereto under the provisions of this chapter."

The nomination of the surviving husband or wife, regardless of residence is absolute if the person nominated is competent. (Sec. 10068, supra; *In re McLure's Estate*, 63 Mont. 536, 208 Pac. 900, and authorities therein cited.) Under sec-

tion 10072, except as to the husband and wife, nominations made by the others specified therein may or may not be absolute, depending upon the conditions presented.

*In re Estate of Welscher*, 77 Mont. 164, 250 Pac. 447, 448, it was held that the nominee of the nonresident sons of the decedent was entitled to preference over a resident daughter. In that opinion we called attention to the fact that residence alone is not controlling, and said: "If it were, the nominee of a surviving wife, a nonresident, could not prevail over the application of the husband's brother, a resident; and the nominee of a nonresident brother of the decedent would [not] prevail over a resident nephew of the decedent." Through a clerical error the word "not," here inserted in brackets, was omitted.

Subdivision 2 of section 10072 gives a nonresident child the right to request the appointment of a resident of the state to serve as administrator, and concludes with the statement that "the court or judge must order letters issued to the applicant entitled thereto under the provisions of this chapter," which certainly does not clarify the matter. We do not find any statute that a resident child is entitled to preference over the resident nominee of the nonresident child. The legislature might have spoken to that effect, but it has not. In either case the administrator will be a resident of this state, presumably under the eye of the court and subject immediately to its orders.

After a careful comparison of our statutes, we are constrained to the opinion that the question presented called for an exercise of judicial discretion. Evidently the court took the view that the strongest ground for preference was the preponderance of interest, and in so doing we cannot say that it erred.

*In re Myers' Estate*, 9 Cal. App. 694, 100 Pac. 712, is strongly relied upon by counsel for the appellant. In that case the heirs of decedent were three daughters, all residing in California. One applied for letters, while the other two requested the court to appoint a grandson of deceased. The

court held that, by requesting the appointment of another, the two daughters renounced their own right to administer, and the right of the petitioning daughter became absolute. We think the decision correct, but California has no statute similar to our subdivision 2, supra. Here the three non-resident sisters did not renounce the right to administer, for they did not have that right. It is idle to argue that they might have had the right upon coming to Montana and establishing a residence here (*Estate of Nix*, 66 Mont. 559, 213 Pac. 1089), for no such question is presented. The nonresident children simply exercised the right given them by statute to request the appointment of a resident of Montana to administer their mother's estate. We see no good reason for holding that the statutory right given a nonresident "who otherwise would be entitled to administer" is not as potent to invoke the court's action as is the statutory right of a resident of the same class.

Our attention is called to section 10083, Revised Codes 1921, reading as follows: "When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother, or sister of the intestate, any one of them who is competent, or any competent person at the written request of any one of them, may obtain the revocation of the letters, and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration be issued to him."

The argument is made that, letters being granted to Stephenson, who is not one of the persons enumerated in this section, Mrs. Fillian may at once obtain the revocation of his letters, and have letters issued to her. However, this court has said that this statute "is not absolute and available at all times, under all conditions." (*Melzner* v. *Trucano*, 51 Mont. 18, 149 Pac. 365, 367.)

The argument overlooks the fact that section 10072 was enacted subsequently to 10083, and if there is a conflict, 10072 will control. If we are correct in saying that the right conferred upon the nonresident daughters invokes the court's

discretion between the application of their nominee and the application of the resident daughter, it would be absurd to hold that the court's action under section 10072, denying appellant letters, could be immediately circumvented by appellant under section 10083.

It must be kept in mind that Stephenson, the nominee of the three daughters, was appointed pursuant to the terms of an applicable statute. Section 10083 intends that, when an inferior class obtains letters, one of a superior class may, the conditions being favorable (*Melzner* v. *Trucano, supra*), invoke and secure its benefit.

The order is affirmed.

ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, dissents.