In re RUANE'S ESTATE

COOK ET AL., RESPONDENTS, v. HUMPHREY, APPELLANT.

No. 8801

Submitted January 15, 1949. Decided April 12, 1949.

204 Pac. (2d) 1037

Mr. Emmet O'Sullivan, of Harlowton, for appellant. Mr. O'Sullivan argued orally.

Mr. Moncure Cockrell, of Kalispell, and Mr. Charles V. Huppe, of Helena, for respondents. Mr. Huppe argued orally.

MR. JUSTICE BOTTOMLY delivered the opinion of the court.

This is an appeal from an order of the district court revoking the letters of administration previously issued to the defendant, Mable E. Humphrey, in the estate of Mike F. Ruane, deceased, and appointing the public administratrix of Fergus county as special administrator in such estate.

Mike F. Ruane died December 22, 1945, and on March 7, 1946, defendant filed her petition for letters of administration in the estate, claiming to be a creditor and as such entitled to letters. The court on March 19th, after hearing had, made an order di-

recting the issuance of letters to her. Thereafter her bond was filed, recorded and approved on March 19, 1946 whereupon she entered upon her duties as said administratrix.

May 18, 1946, Fannie S. Cook, as public administratrix of Fergus county, filed a petition praying for revocation of the letters theretofore issued to defendant, Mable E. Humphrey, and praying that letters be issued to the petitioner, Cook, alleging: That the value of the estate did not exceed $5,000; that the heirs of said deceased are two nephews and two nieces, naming them, residing in Staten Island, New York; that the defendant was not entitled to letters except by virtue of being a creditor of the estate; that the heirs had filed in said court a request for the appointment of the petitioner, Cook, the public administratrix, and by virtue of said request and nomination the petitioning public administratrix has a prior and superior right to letters.

May 21, 1946, the public administratrix filed a second petition seeking an order suspending the powers of the defendant, Mable E. Humphrey, as administratrix, and, in addition to the allegations set forth in her petition of May 18th, she alleged: That at the time of his death decedent had sufficient money in his possession to pay any and all bills that he might have owed prior to going to the hospital; that his nephew, John J. Ruane, has requested that the defendant, Mable E. Humphrey, be enjoined from acting further in the matter; that the defendant, Humphrey, has already received $1,600 in cash; that there is other property belonging to the estate which is about to come into her possession; that the defendant, having procured her appointment contrary to the desire of the heirs, should be enjoined from acting further in the administration of the estate until after hearing the petitioner Cook's petition, and prayed for the suspension of defendant's powers and letters until the determination of petitioner Cook's petition.

Based upon the foregoing petition, on May 21, 1946, the court filed its order suspending the powers of defendant as administratrix pending hearing of the petition.

May 29, 1946, the petitioner Cook, as public administratrix, filed a supplemental petition designated "Allegations," charging that the defendant has not filed her proof of claim as a creditor of the deceased, and alleging: That the petitioning public administratrix and the next of kin of decedent offer in writing to pay whatever sum defendant may prove was owing by the deceased to her prior to his death; that at the time of his death the decedent was not indebted to the defendant; that the said nephews and nieces had informed defendant prior to the filing of her petition for letters that they did not want defendant to make such application and that defendant was hostile to them and undesirable; that she is incompetent and incapable of discharging her trust and is unsuitable as administratrix and is not a person of integrity; and that the value of the estate of decedent does not exceed $3,000; and prays that letters issued to defendant be revoked and that letters be issued to the petitioning public administratrix.

May 29, 1946, defendant Humphrey filed her answer to the petition of the public administratrix, and an answer to the "Allegations" wherein she admitted certain allegations of the petition and "Allegations," and denied the others therein contained, wherein she put in issue the material allegations of the same.

June 7, 1946, Joseph R. Bennett, a nephew of decedent and a resident of Montana, filed his petition to revoke letters of administration; theretofore issued to the defendant, Mable E. Humphrey, and nominated and requested the appointment of the petitioner, Fannie S. Cook, public administratrix, as aforesaid. This petition was denied by the court, and no appeal was taken therefrom.

November 15, 1946, the court made an order appointing the petitioning public administratrix as special administratrix of the estate, and on November 16, 1946, special letters of administration issued to her.

A hearing was had before the court sitting without a jury and thereafter on October 1, 1947, the court made an order revoking the letters theretofore issued to the defendant Humphrey, after

stating that the material allegations of the petition for suspension, together with the subsequent allegations of the public administratrix, were sustained by the evidence, and ordering Mable E. Humphrey, as administratrix, to deliver all property of the estate which had come into her possession to the public administratrix of Fergus county, Montana, as the duly appointed, qualified and acting special administratrix of said estate.

This is an appeal from the order of October 1, 1947.

Only the controlling questions determinative of this appeal will here be canvassed.

Probate matters and procedure are governed by statutory law.

Here we have the facts that Mike F. Ruane died intestate on December 22, 1945; no petition for letters of administration had been presented or filed on behalf of any one until March 7, 1946, when the petition of Mable E. Humphrey, creditor of the estate was filed.

From the time of the decedent's death until the appointment ▮ and qualification on March 19, 1946, of Mable E. Humphrey, as administratrix of said estate, the resident next of kin entitled to share in the distribution of the estate had a preference right to the appointment upon filing a petition therefor under subdivision 7 of section 10068, R. C. M. 1935, as amended by Chapter 219, Laws of 1939, and in the event such prior preferred person or persons did not exercise such preference, then the public administratrix, upon filing her petition, would have had a preference under subdivision 8 of said section. Also either of the foregoing could, at that time, have availed themselves of the provisions of section 10077, R. C. M. 1935. Neither the next of kin nor the public administratrix availed themselves of these statutory provisions in time.

While petitioners are not mentioned in section 10083, R. C. ▮ M. 1935, nevertheless respondent argues they are competent to petition for revocation of letters under section 10082, R. C. M. 1935. Section 10082 is to be read in connection with the other Code sections upon the same subject, including the restrictive provisions of sections 10072 and 10083, R. C. M. 1935.

These latter provisions do not authorize nephews and nieces on petition to apply for revocation of letters theretofore duly issued. Melzner v. Trucano, 51 Mont. 18, 23, 149 Pac. 365; In re Cameron's Estate, 86 Mont. 455, 462, 284 Pac. 143.

Chapter 122 of the Code of Civil Procedure, embracing sections 10124 to 10128, R. C. M. 1935, both inclusive, also provides for revocation of letters under the conditions therein mentioned.

Section 10124 provides: "Whenever the judge of a district court has reason to believe, from his own knowledge, or from credible information, that any executor or administrator has wasted, embezzled, or mismanaged, or is about to waste or embezzle, the property of the estate committed to his charge, or has committed, or is about to commit, a fraud upon the estate, or is incompetent to act, or has permanently removed from the state, or has wrongfully neglected the estate, or has neglected to perform any act as such executor or administrator, he must, by an order entered upon the minutes of the court, suspend the powers of such executor or administrator until the matter is investigated."

The petition of Fannie S. Cook does not aver facts bringing ▉ it within the provisions of section 10124, supra, so as to authorize the suspension of the powers of Mable E. Humphrey, administratrix.

Section 10126, R. C. M. 1935, provides: "At the hearing, any person interested in the estate may appear and file his allegations in writing, showing that the executor or administrator should be removed, to which the executor or administrator may demur or answer, as hereinbefore provided. The issues raised must be heard and determined by the court or judge."

Fannie S. Cook, individually or as public administrator of ▉ Fergus County, Montana, is not a person interested in the estate and since only persons interested in the estate may appear and file allegations under the provisions of section 10126, supra, her "allegations" entitle her to no relief herein.

Appellant has assigned numerous specifications of error, but only one need here be considered.

At the outset of the hearing counsel for Mable E. Humphrey objected to the introduction of any testimony on the part of the public administrator, upon the grounds: (a) That the petition did not state facts sufficient to constitute a cause of action against the administratrix, Mable E. Humphrey; and (b) that the "allegations" filed by the public administratrix did not state facts sufficient to constitute a cause of action against the administratrix, Mable E. Humphrey; and (c) that the petition to suspend the powers of the administratrix did not state facts sufficient to constitute a cause of action against the administratrix, Mable E. Humphrey, either for the suspension of her powers as administratrix, or for the revocation of her letters. Such objections were timely and well taken.

In our opinion the court erred in not sustaining the objections to the introduction of evidence at the inception of the hearing. The petition and "allegations" being insufficient and unauthorized, there was nothing properly before the court for determination.

The petition of Fannie S. Cook, public administratrix, contains no allegations whatever that bring it within the provisions of section 10124, supra. The court erred in making its order of May 20, 1946, suspending the powers of the administratrix, Mable E. Humphrey, owing to the lack of the presence or existence of any of the facts or circumstances enumerated in section 10124, supra.

The order appealed from is vacated and set aside, and the cause remanded with directions to reinstate the letters of administration of the defendant, Mable E. Humphrey.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Freebourn concur.